Dominick **ROMANO**, Petitioner-Appellant,

v.

**UNITED STATES** of America, Respondent-Appellee.

No. 761, Docket 72-1107.

United States Court of Appeals, Second Circuit.

Argued May 9, 1972.

Decided May 30, 1972.

Henry B. Rothblatt, New York City (Rothblatt, Rothblatt, Seijas & Peskin, New York City, on the brief), for appellant.

John C. Sabetta, Asst. U. S. Atty., New York City (Whitney North Seymour, Jr., U. S. Atty., for the S. D. N. Y., N.Y., and Peter F. Rient, Asst. U. S. Atty., New York City, of counsel), for appellee.

Before FRIENDLY, Chief Judge, and MOORE and ANDERSON, Circuit Judges.

PER CURIAM:

Dominick Romano appeals from an order denying without a hearing his motion to vacate a judgment of conviction pursuant to 28 U.S.C. § 2255 and denying his motion that the District Judge disqualify himself from determining the motion for post-conviction relief pursuant to 28 U.S.C. § 144. Finding no error, we affirm.

Appellant is presently serving a 20-year sentence which was imposed after he was found guilty of having conspired to violate the Federal Narcotics Laws, 21 U.S.C. §§ 173, 174. The judgment of conviction was affirmed by this court in United States v. Guanti, 421 F.2d 792 (2d Cir.), cert. denied, Romano v. United States, 400 U.S. 832, 91 S.Ct. 65, 27 L.Ed.2d 64 (1970). For a statement of the facts in this case see the opinion in *Guanti, supra.*

In the papers submitted in support of his motion to vacate his judgment of conviction, appellant alleges that the prosecution knowingly used perjurious testimony at his trial. This claim is without merit. No evidence of perjury is noted and no false testimony is cited. The fact that a prosecution witness may have a criminal record is not a sufficient basis for vacating a judgment of conviction when the witness' criminal record was known at the time of trial. Similarly, the mere assertion that a witness might have had a motive to lie, when unsupported by any fact, does not entitle a petitioner to a hearing on the alleged use of perjurious testimony.

Also without merit is the claim of prejudice emanating from an allegedly improper in-court photographic identification of one prosecution witness by another. According to the appellant, the in-court identification was tainted by an impermissibly suggestive pre-trial confrontation between the two witnesses. The appellant argues that this confrontation was in violation of his constitutional rights as enumerated in United States v. Wade, 388 U.S. 218, 87 S.Ct. 1926, 18 L.Ed.2d 1149 (1967), Gilbert v. California, 388 U.S. 263, 87 S.Ct. 1951, 18 L.Ed.2d 1178 (1967) and Stovall v. Denno, 388 U.S. 293, 87 S.Ct. 1967, 18 L.Ed.2d 1199 (1967).

None of appellant's constitutional rights were violated when these two witnesses met at an interview before trial. Appellant's right to counsel does not extend to the government's interviewing of witnesses in preparation of its case when the appellant was not even present at this meeting.

Appellant's third claim, that he was deprived of the effective assistance of counsel was rejected by this court in an earlier appeal. *Guanti, supra* at 799 of 421 F.2d. As no additional facts are cited in support of the claim, it can be dismissed as being without merit.

The remaining contentions, that the District Judge should have disqualified himself from determining this motion and that appellant's right to testify in his own behalf was frustrated because the trial court denied his motion to sever his trial from that of his brother, are without any merit.

The order of the District Court is therefore affirmed.