**UNITED STATES of America, Appellee,**

v.

**Dominick ROMANO, Appellant.**

**No. 524, Docket 74–2145.**

United States Court of Appeals, Second Circuit.

Argued March 11, 1975.

Decided May 13, 1975.

---

Henry B. Rothblatt, New York City (Rothblatt, Rothblatt, Seijas & Peskin, New York City), for appellant Romano.

Daniel J. Beller, Asst. U. S. Atty. (Paul J. Curran, U. S. Atty., S.D.N.Y. and Lawrence S. Feld, Asst. U. S. Atty., of counsel), for appellee.

Before MANSFIELD, FEINBERG and MOORE, Circuit Judges.

MOORE, Circuit Judge:

This case comes to us on appeal from a denial by Judge Lloyd F. MacMahon in the U. S. District Court for the Southern District of New York of a § 2255 petition to vacate sentence on alternative grounds 1) that the petition constitutes a successive motion and 2) that the claims, allegations of perjury and subornation of perjury, were frivolous.

Dominick Romano was convicted on March 14, 1969 of conspiracy to violate the federal narcotics laws, 21 U.S.C. §§ 173 and 174, following a jury trial. Romano's conviction was affirmed in United States v. Guanti, 421 F.2d 792 (2d Cir.), cert. denied, Romano v. United States, 400 U.S. 832, 91 S.Ct. 65, 27 L.Ed.2d 64 (1970) and the facts supporting conviction are fully set out in that opinion.

The indictment under which Romano was tried had been filed on September 30, 1964 and named 28 co-conspirators. The cast of characters included the French exporters, the couriers who brought the drugs to New York, the importers, men to carry the drugs to the wholesalers, and the wholesalers. The

first trial under the indictment took place in 1965 and did not include Dominick Romano. *See* United States v. Armone, 363 F.2d 385 (2d Cir.), cert. denied, Viscardi v. United States, 385 U.S. 957, 87 S.Ct. 391, 17 L.Ed.2d 303 (1966). Four of the co-conspirators, Appellant Dominick Romano, Arnold Romano, Carmine Guanti, and Frank Sherbicki, were tried subsequently in 1969.

Because the indictment was obtained in September 1964, the government in the 1969 trial could not rely on overt acts which occurred prior to September 30, 1959 since the Statute of Limitations had run as to those acts. The trial judge specifically instructed that the jury could not find the defendants guilty unless the jury first found that those specific alleged overt acts which occurred after that date had been committed by one of the co-conspirators.

On June 18, 1971, Romano filed a § 2255 petition urging twelve grounds for vacation of the judgment and sentence. Six of these allegations involved perjury or subornation of perjury by the prosecution. The petition specifically named two government witnesses, Hedges and Bourbonnais, as having given perjured testimony. In his decision of January 5, 1972, Judge MacMahon denied the § 2255 motion finding that the perjury contentions as to Hedges were bare speculation unsupported by reference to testimony or fact. As to Bourbonnais, the court found that the perjury claims were patently frivolous. This court affirmed. *See* Romano v. United States, 460 F.2d 1198 (2d Cir.), cert. denied, 409 U.S. 915, 93 S.Ct. 237, 34 L.Ed.2d 177 (1972).

On February 25, 1974, Romano filed the instant § 2255 petition, urging as grounds for vacation 1) perjury by government witnesses; 2) deliberate suppression of exculpatory evidence by the government; and 3) subornation of perjury by the prosecution. The lower court denied this motion on July 25, 1974

without a hearing finding that the petition was a successive petition within the meaning of Sanders v. United States, 373 U.S. 1, 9, 83 S.Ct. 1068, 10 L.Ed.2d 148 (1963). Alternatively the court found the claims to be frivolous and without merit.

■ Romano's claim of deliberate suppression of exculpatory evidence involves business and/or employment records of two government witnesses, Clarence Aspelund and Charles Bourbonnais, and grand jury minutes. This claim is specious inasmuch as most of these materials were marked as government exhibits at the Romano trial and were not hidden by the government, *cf.* Mixen v. United States, 469 F.2d 203 (8th Cir. 1972), cert. denied, 412 U.S. 906, 93 S.Ct. 2297, 36 L.Ed.2d 971 (1973), or could have been subpoenaed by Romano's experienced trial counsel.

■ Turning to the claims of perjury regarding Hedges and Bourbonnais, we believe that these claims are barred by the January 1972 decision of Judge MacMahon. Romano recognizes that the second § 2255 motion "constitute[s] a resubmission of the issues presented in petitioner's prior motion,"[1] but argues that this motion is not a successive motion under Sanders v. United States because "(1) no hearing was held on the previous motion; (2) the facts alleged in support of this motion differ from those presented in petitioner's initial motion and were not deliberately withheld from the prior motion; and (3) the prior motion was dismissed without a hearing as failing to allege a factual basis for the relief sought."[2]

These arguments indicate a lack of understanding of the *Sanders* decision and its progeny. *Sanders* established standards for determining the effect of denial of a prior § 2255 petition on a successive application. Noting that where the second application is shown on the basis of the application, files, and

1. Affidavit in Support of Motion to Vacate Sentence IND. # 64 CR 828, paragraph 15.

2. *Ibid.*

records of the case to be without merit, denial without a hearing is the proper course, the Court went on to establish standards for successive motions:

> Controlling weight may be given to denial of a prior application for federal habeas corpus or § 2255 relief only if (1) the same ground presented in the subsequent application was determined adversely to the applicant on the prior application, (2) the prior determination was on the merits, and (3) the ends of justice would not be served by reaching the merits of the subsequent application. Sanders v. United States, 373 U.S. at 15, 83 S.Ct. at 1077.

■ Romano equates "decision on the merits" with "hearing" but this position is not supported by *Sanders* which recognizes that a § 2255 application can be denied without a hearing where it can be determined on the basis of the records and files that the application is "conclusively without merit." *See also* Williams v. United States, 481 F.2d 339, 345 (2d Cir.), cert. denied, 414 U.S. 1010, 94 S.Ct. 373, 38 L.Ed.2d 248 (1973); Rodriguez v. United States, 473 F.2d 1042 (5th Cir. 1973); Tucker v. United States, 138 U.S. App.D.C. 345, 427 F.2d 615 (1969).

■ *Sanders* addresses successive petitions on the basis of litigation of the "*same ground.*" Romano recognizes that the issues in this petition are the same issues as those raised in the first but urges consideration of this second petition because of the presentation of *different facts* which were not deliberately overlooked in the first petition. It is a general principle that a *Sanders* denial of a successive motion applies to the situation where new facts are alleged in the second petition on the same ground if these facts were known or *should have been known* at the time of the first petition. The standard for denial as successive is not a showing of no deliberate withholding of the new or different facts, but rather whether the new or different facts which were omitted from the prior motion were known or should have been known to the defendant at the time of filing the earlier motion. *See e.*

*g.* Green v. United States, 206 F.Supp. 620 (D.C.Mass.1962) aff'd 313 F.2d 6 (1st Cir.) cert. dismissed, 372 U.S. 951, 83 S.Ct. 948, 9 L.Ed.2d 976 (1963).

■ In addition to claims of perjury regarding Hedges and Bourbonnais, Romano claims for the first time in this motion that Clarence Aspelund committed perjury and that the government knew it. At an earlier trial, United States v. Cianchetti (U.S.D.C.Conn.1961 Crim. # 10,250), Aspelund testified that his final narcotics delivery to Cahill and Hedges occurred in September 1959. At Romano's trial in 1969 Aspelund testified that the last delivery occurred "close to the end of 1959, close to Christmas." The transcript of the Cianchetti trial was available to Romano's defense counsel and, while the apparent inconsistency was the proper subject of cross-examination, it certainly does not support a claim of perjury. Nor is it clear to us how the inconsistency gives rise to an inference that the prosecution suborned perjury. Romano has not produced any evidence of improper activity by the government and thus his motion relying on an affidavit, containing only conclusory allegations as to prosecutorial misconduct regarding Aspelund's testimony, was properly denied without a hearing. *See e. g.* Dirring v. United States, 370 F.2d 862 (1st Cir. 1967).

■ Finally, Romano emphasizes the apparently inconsistent dates in relation to the Statute of Limitations having run in September 1959. This adds nothing to his case inasmuch as the government relied on overt acts after that date and as we indicated above, the judge properly charged the jury on the effect of their finding on whether or not post-September 1959 overt acts occurred. Once an overt act was found to have occurred after September 30, 1959, the jury could properly consider other evidence of an ongoing conspiracy.

We affirm the denial of the § 2255 motion on the basis that the motion is frivolous, totally without merit, and devoid of any support in the trial record or in the affidavits submitted with this motion.