**Robert Lebern LUCAS, Jr., Plaintiff–Appellant, Cross–Appellee,**

v.

**UNITED STATES of America, Defendant–Appellee, Cross–Appellant.**

**Nos. 199, 812, Dockets 91–2243, 91–2245.**

United States Court of Appeals, Second Circuit.

Argued Nov. 21, 1991.

Decided March 12, 1992.

Paul J. Connolly, Albany, N.Y., for plaintiff-appellant, cross-appellee.

John J. McCann, Albany, N.Y., Asst. U.S. Atty. N.D.N.Y. (Frederick J. Scullin, Jr., U.S. Atty. N.D.N.Y., of counsel), for defendant-appellee, cross-appellant.

Before: PRATT, MAHONEY, and McLAUGHLIN, Circuit Judges.

GEORGE C. PRATT, Circuit Judge:

Appellant Robert Lebern Lucas, Jr. appeals from a judgment of the United States District Court for the Northern District of New York, Con. G. Cholakis, *Judge*, denying his motion pursuant to 28 U.S.C. § 2255 to have his judgment of conviction vacated. His motion was based on the district court's failure, during his plea allocution, to inform him as to the maximum possible

sentence he could receive for his crime, as required by Fed.R.Crim.P. 11. The district court agreed that Lucas had suffered a constitutional violation that required some collateral relief, but chose not to vacate his conviction. Instead, the court excised that portion of the sentence that offended rule 11.

Lucas claims that the rule 11 violation so tainted his guilty plea that the district court erred by not vacating his conviction. He argues that he did not plead guilty knowingly, intelligently, or voluntarily, and that he did not understand the consequences of his plea because the court did not correctly inform him about his possible sentence. He contends that he would not have pled guilty if he had been accurately informed about the maximum possible sentence.

The government cross-appeals from that part of the judgment deleting the remainder of Lucas's special parole term as well as the $10,000 fine. It claims that the district court incorrectly perceived its role on collateral review and that it erred by finding an error of constitutional dimension in the rule 11 violation in this case.

## BACKGROUND

Lucas was convicted, pursuant to his plea of guilty, on a single count of possession with intent to distribute five and one-half pounds of hashish oil, in violation of 21 U.S.C. § 841(a)(1). Lucas was represented by an attorney throughout these proceedings, and in fact, the oral plea agreement was negotiated between Lucas, his attorney, and the Assistant United States Attorney.

During the plea allocution, United States District Judge (now Circuit Judge) Roger J. Miner advised Lucas that the maximum punishment for the crime to which he was pleading guilty was five years' imprisonment. However, the presentence report, which was filed with the court and was reviewed by Lucas prior to sentencing, noted that Lucas faced not only a five-year term of imprisonment, but also a $15,000 fine and a two-year term of special parole.

At the sentencing hearing, Judge Miner ascertained that Lucas's attorney had reviewed the presentence report. Although invited to do so, the attorney made no comment about the description of the possible sentence in the report. The court also specifically asked Lucas whether he had had an opportunity to review the presentence report with his attorney. Lucas replied that he had. The court then gave Lucas an opportunity to add any further thoughts for the court's consideration, but Lucas did not protest the maximum sentence described in the presentence report. The court sentenced Lucas to a four-year term of imprisonment, to be followed by a special parole term of two years, and fined him $10,000. Lucas did not protest his sentence as imposed, nor did he directly appeal his conviction or sentence.

Shortly thereafter, Lucas moved pursuant to Fed.R.Crim.P. 35 for reduction of his sentence on the ground that his allegedly more culpable co-defendant had received a much lighter sentence. Judge Miner denied the motion.

On July 15, 1984, Lucas escaped from the Federal Prison Camp at Texarkana, Texas, and was not recaptured until June 30, 1987, almost three years later. At that time, he was sentenced to serve an additional eighteen months in prison, to be consecutive to his original sentence on the drug conviction.

Lucas then moved pursuant to 28 U.S.C. § 2255 for an order vacating the sentences for both the drug conviction and his escape. That motion was based on various grounds, but did not include the ground raised in the instant motion. Judge Cholakis denied the motion, and later denied Lucas's motion to reconsider the denial.

Lucas appealed from the denial of his motion to reconsider, and raised for the first time the violation of rule 11 by the original sentencing court. We affirmed the denial by summary order on the grounds that Lucas's appeal was untimely and that his claims were without merit.

Lucas then filed his second § 2255 motion, which is the subject of the current appeal, seeking to vacate his drug convic-

tion on the ground that his plea was not knowingly, intelligently, or voluntarily made, and that he did not fully understand the consequences of his plea. He claimed that this lack of understanding stemmed from the district court's failure, during the plea colloquy required under rule 11, to inform him that the penalty for his crime could include a fine and a special parole term. This rule 11 violation, he argued, infected his conviction to such an extent that it must be vacated.

Judge Cholakis first held that Lucas was not precluded from bringing the second motion, finding that it was not an abuse of process and that new grounds were being alleged as the basis for the new motion. Turning to the merits, the court upheld the guilty plea and the sentence of imprisonment, but granted partial relief by excising the remainder of the special parole term and the fine based on the rule 11 violation.

Lucas appeals from that part of the judgment that did not vacate his conviction; the government cross-appeals from that part of the judgment that granted Lucas partial relief.

## DISCUSSION

■ Before turning to the merits, we first address the government's argument that the district court should have dismissed this second § 2255 motion as a successive petition. It cites rule 9(b) of the Rules Governing Proceedings in the United States District Courts under Section 2255 of Title 28, United States Code, which states:

> A second or successive motion may be dismissed if the judge finds that it fails to allege new or different grounds for relief and the prior determination was on the merits or, if new and different grounds are alleged, the judge finds that the failure of the movant to assert those grounds in a prior motion constituted an abuse of the procedure governed by these rules.

It claims that Lucas raised the same issue that he raises here in his prior appeal before this court, and that we ruled on the merits that his original plea was entered knowingly, intelligently, and voluntarily. In addition, the government relies on *United States v. Romano*, 516 F.2d 768, 771 (2d Cir.), *cert. denied*, 423 U.S. 994, 96 S.Ct. 420, 46 L.Ed.2d 368 (1975), which it interprets as holding that a successive § 2255 motion should be dismissed even if new facts are alleged, if those facts "were known or should have been known to the defendant at the time of filing the earlier motion."

We disagree with the government's position. As to the government's argument under rule 9(b), we agree with Judge Cholakis's conclusion that the present motion asserts a new or different ground for relief. Although Lucas had raised the issue of the rule 11 violation in his prior appeal from the denial of his first § 2255 motion, he had not presented it to the district judge. Since the issue was raised for the first time on appeal, we were entitled to disregard it. Our affirmance of the denial of habeas relief on the ground that his appeal was untimely was followed by the statement that, even if we were to consider the merits, there was no error. We added that Lucas's original plea was entered knowingly, intelligently, and voluntarily.

Despite these statements, which might be construed as addressing the merits of the rule 11 issue, we agree with Judge Cholakis that whether we specifically addressed that question was ambiguous. Thus, we see no abuse of discretion in Judge Cholakis's determination that the rule 11 violation alleged in Lucas's current § 2255 motion qualifies as a new and different ground for relief, for which there has been no prior adjudication on the merits. We also accept Judge Cholakis's conclusion that there is no reason to believe that Lucas's present motion constitutes an abuse of procedure.

Moreover, contrary to the government's argument, *Romano* does not require dismissal of this motion. To begin with, the order on appeal there had dismissed a successive application, and had not, as here, entertained the application. Secondly, although we discussed the problem of successive applications, our affirmance was based

12

solely on the ground that the second application was "frivolous, totally without merit, and devoid of any support in the trial record or in the affidavits submitted with this motion." *Romano*, 516 F.2d at 771. Thirdly, in our discussion of the problem we were trying to clarify the applicability of the Supreme Court's holding in *Sanders v. United States*, 373 U.S. 1, 83 S.Ct. 1068, 10 L.Ed.2d 148 (1963), which governs the standard to be used when determining the effect of a denial of a prior § 2255 petition on a successive application. *Sanders* sets out a three-pronged standard, the first of which is whether the same ground was asserted in the two successive motions. *Sanders*, 373 U.S. at 15, 83 S.Ct. at 1077. In *Romano*, we had to apply *Sanders* to a situation where the same ground was being asserted as the basis of the motion, but new facts were being alleged to support that ground. We held that a *Sanders* denial would apply to that "situation * * * if these facts were known or *should have been known* at the time of the first petition." *Romano*, 516 F.2d at 771 (emphasis in original).

The situation addressed in *Romano* thus differs significantly from the one before us, because here, Lucas asserts an entirely new ground for vacating his conviction, not merely new facts to support the same ground. In short, the district court did not abuse its discretion by considering the merits of Lucas's second § 2255 motion.

■ We now turn to the merits. Rule 11(c)(1) of the Federal Rules of Criminal Procedure requires that, before accepting a plea of guilty,

the court must address the defendant personally in open court and inform the defendant of, and determine that the defendant understands, the following:

(1) the nature of the charge to which the plea is offered, the mandatory minimum penalty provided by law, if any, *and the maximum possible penalty provided by law, including the effect of any special parole* or supervised release term * * *.

Fed.R.Crim.P. 11(c)(1) (emphasis added).

The transcript discloses a failure to comply fully with this rule:

THE COURT: Has anyone made any predictions as to what your sentence might be?

DEFENDANT: No, your Honor.

THE COURT: All right. I find that you are knowingly and voluntarily pleading guilty and I accept that plea, you acknowledge that you are guilty as charged in the indictment, and you know your rights to a trial. What is the maximum punishment, [AUSA] Mr. Donnelly?

DONNELLY: Five years.

THE COURT: You understand that that is the maximum punishment for this crime?

DEFENDANT: Yes, your Honor.

THE COURT: All right, the plea is accepted and the plea agreement is accepted and the matter will be set down for sentencing * * *.

The Assistant United States Attorney was incorrect about the maximum possible punishment for the crime of conviction. At the time, the maximum term of imprisonment was five years, but the actual maximum penalty for Lucas's violation could also include a fine of not more than $15,000. Furthermore, any sentence imposing a term of imprisonment *required* "a special parole term of at least two years in addition to such term of imprisonment." 21 U.S.C. § 841(b)(1)(B).

At sentencing, the district court imposed a sentence of four years' imprisonment, two years' special parole, and a $10,000 fine. Since the court had not informed Lucas as to the possibilities of either the fine or the mandatory special parole term, the record clearly establishes that a rule 11 violation occurred.

■ The question remains as to whether this violation rises to a level that would justify a collateral attack on the judgment of conviction. A § 2255 movant can successfully challenge a guilty plea conviction based on a rule 11 violation only by establishing that the violation constituted a "constitutional or jurisdictional" error, *United States v. Timmreck*, 441 U.S. 780, 783, 99 S.Ct. 2085, 2087, 60 L.Ed.2d 634 (1979) (citing *Hill v. United States*, 368 U.S. 424, 428, 82 S.Ct. 468, 471, 7 L.Ed.2d

417 (1962)), or by showing that the error resulted in a " 'complete miscarriage of justice' " or in a proceeding " 'inconsistent with the rudimentary demands of fair procedure.' " *Id.* 441 U.S. at 784, 99 S.Ct. at 2087 (quoting *Hill,* 368 U.S. at 428, 82 S.Ct. at 471). The movant should also demonstrate that he was prejudiced by the violation because he did not understand the consequences of his plea, or that, if he had been properly advised, he would not have pled guilty. *Id.* Lucas fails to meet this standard.

In *Timmreck,* a criminal defendant collaterally attacked his conviction pursuant to § 2255 claiming a violation of rule 11. After pleading guilty, he was sentenced to 10 years' imprisonment plus a special parole term of 5 years, and a $5,000 fine. During his plea allocution, he had been informed by the district judge that he could receive a sentence of 15 years' imprisonment and a $25,000 fine. No mention had been made of the mandatory special parole term of at least three years. *Id.* 441 U.S. at 782, 99 S.Ct. at 2086. The Supreme Court characterized this rule 11 violation as "formal", *id.* at 783, 99 S.Ct. at 2087, or "technical", *id.* at 784, 99 S.Ct. at 2087, and rejected the collateral challenge.

The situation presented by Lucas is, however, slightly more troubling than that in *Timmreck.* Although Timmreck was not informed of the mandatory special parole term, his total sentence (10 years' imprisonment plus 5 years' special parole) did not exceed the maximum penalty he was told he could receive (15 years' imprisonment). Unlike Timmreck, however, Lucas's sentence goes beyond what he was told he could receive. Thus, the rule 11 violation in this case is not as purely technical as that in *Timmreck.* Lucas also argues that his case differs because he was unaware of the possibilities of a special parole term or of a fine, and that if he had been properly advised, he would not have pled guilty.

The district court agreed that the rule 11 violation was not merely technical and that Lucas had pled guilty without full knowledge of the consequences of his plea. It thus allowed Lucas's collateral attack, emphasizing the importance of the purpose of rule 11—that of trying to ensure that all guilty pleas were being made knowingly, intelligently, and voluntarily. The court believed that this mental state should be ascertained only at the time the plea was being made. Because Lucas was unaware of the true maximum punishment he could receive at the time he pled, the fact that he later acquired this knowledge, at the time of sentencing, could not cure the rule 11 defect. Judge Cholakis rejected any attempt to impute knowledge at the time of sentencing to the time of the plea, stating that it would render the requirements of rule 11 meaningless. Therefore, the district court concluded that the rule 11 defect in this case amounted to a constitutional violation under *Timmreck* that was "inconsistent with the rudimentary demands of fair procedure".

Because Lucas had already served the majority of his sentence, however, the court held that the usual remedy of vacating the conviction and allowing the defendant to plead anew was not appropriate in the circumstances. Instead, following our decision in *United States v. Khan,* 869 F.2d 661 (2d Cir.1989), *cert. denied,* —— U.S. ——, 111 S.Ct. 682, 112 L.Ed.2d 674 (1991), the court excised the prejudicial portion of the sentence.

Although we recognize the distinction from *Timmreck,* we think that the district court erred in concluding that there was a violation of constitutional dimension that required collateral relief in this case. If the case were before this court on direct appeal, the district court's analysis would be appropriate, indeed required, by our holding in *United States v. Khan,* 857 F.2d 85 (2d Cir.1988), *modified on reh'g,* 869 F.2d 661 (2d Cir.1989), *cert. denied,* —— U.S. ——, 111 S.Ct. 682, 112 L.Ed.2d 674 (1991). There, we held that the district court's imposition of a substantial restitution award after failing to inform the defendant, during his plea allocution, that it might award restitution as part of the sentence resulted in a rule 11 violation requiring correction. The fact remains, however, that *Khan* was decided in the context of a direct appeal.

In contrast, this appeal is before us on appeal from the denial of a § 2255 motion, and although the rule 11 violation here is slightly more egregious than Timmreck's, we cannot say that it is enough to permit collateral relief. It is well established that "a collateral challenge may not do service for an appeal", *United States v. Frady*, 456 U.S. 152, 165, 102 S.Ct. 1584, 1593, 71 L.Ed.2d 816, *reh'g denied*, 456 U.S. 1001, 102 S.Ct. 2287, 73 L.Ed.2d 1296 (1982), and "that to obtain collateral relief a prisoner must clear a significantly higher hurdle than would exist on direct appeal." *Id.* at 166, 102 S.Ct. at 1593. "It has, of course, long been settled law that an error that may justify reversal on direct appeal will not necessarily support a collateral attack on a final judgment." *United States v. Addonizio*, 442 U.S. 178, 184, 99 S.Ct. 2235, 2240, 60 L.Ed.2d 805 (1979). This is because there is great significance to a final judgment. *Frady*, 456 U.S. at 164, 102 S.Ct. at 1592. "Once the defendant's chance to appeal has been waived or exhausted, * * * we are entitled to presume he stands fairly and finally convicted, especially when, as here, he already has had a fair opportunity to present his federal claims to a federal forum." *Id.*

Especially when the conviction is based on a guilty plea, the interest in finality has "special force". *Timmreck*, 441 U.S. at 784, 99 S.Ct. at 2087. The impact of inroads on finality is greatest in the context of guilty pleas because the vast majority of criminal convictions result from such pleas and because " 'the concern that unfair procedures may have resulted in the conviction of an innocent defendant is only rarely raised by a petition to set aside a guilty plea.' " *Timmreck*, 441 U.S. at 784, 99 S.Ct. at 2087 (quoting *United States v. Smith*, 440 F.2d 521, 528–29 (7th Cir.1971) (Stevens, J., dissenting)).

We also find convincing the ninth circuit's reasoning in *United States v. Grewal*, 825 F.2d 220 (9th Cir.1987), whose factual circumstances were very similar to those in *Khan*, except that the challenge in *Grewal* was asserted in a § 2255 motion. The movant claimed a violation of Fed. R.Crim.P. 11 because the district court had not informed him that he could be ordered to pay restitution, and yet subsequently ordered him to do so. The ninth circuit denied collateral relief, stating "there is no constitutional error where a trial court has not informed the defendant on the record of the maximum possible penalty, if the defendant otherwise knows the maximum possible penalty." *Id.* Grewal first became aware of the possibility of restitution through the presentencing report prior to his sentencing. Then during sentencing, he stated on the record that he had read the report and that he had discussed it with his attorney. Finally, the district judge gave him the opportunity to withdraw his plea immediately after sentencing, but he refused it and acquiesced in the result of his plea. Based on these facts, the court held that Grewal's claim on collateral attack had no merit.

■ The district court sought to distinguish *Grewal* on three separate bases, calling its similarities to this case merely superficial. First, it found that rule 11 as applied to Lucas specifically called for special parole to be in the plea colloquy, whereas in *Grewal*, rule 11 made no specific mention of restitution. We find this distinction unconvincing. In *Khan*, we held that a rule 11 violation was established by failing to inform the defendant that restitution might be awarded, even though the rule lacked any specific reference to restitution. Thus, the fact that special parole may be explicitly mentioned in the rule does not serve to distinguish it from another form of punishment, like restitution, which must also be part of the colloquy as part of the maximum penalty.

■ Second, the court found that the sentencing judge had not specifically given Lucas an opportunity to withdraw his plea. Again, we do not find this distinction persuasive. While the sentencing judge did not explicitly ask whether Lucas would like to withdraw his plea, he did ask whether Lucas wanted to add anything for the court's further consideration. If Lucas actually found the sentence surprising or objectionable, this was his opportunity to pro-

test, but he did no such thing. The lack of a more explicit question does not convert this case from a formal, technical violation, into a constitutional one.

Finally, Judge Cholakis did not find any evidence that Lucas had "sought" the addition of the special parole term or the $10,-000 fine, whereas the *Grewal* court referred to declarations by the movant indicating his hope that he would be able to make up for the losses he had caused his victims. We reject this distinction as well. The type of statements made by the defendant in *Grewal* merely lend extra support to the court's finding that the movant was not surprised by his ultimate punishment. Such declarations, however, are not dispositive, indeed not even necessary, for the court to determine that a rule 11 violation is not a constitutional one. We thus conclude that the district court erred by rejecting the reasoning in *Grewal*, and by excising those portions of Lucas's sentence that it found offensive.

We thus agree with the government's position that Lucas should not be allowed collateral relief, because he acknowledged that he had reviewed the presentence report before sentencing, a report that contained the maximum penalties he faced, including the fine and special parole term; because he failed to object to the sentence; because he failed to attempt to withdraw his plea at sentencing, even when invited by the judge to speak; because he failed to pursue a direct appeal on the issue; because he failed to raise the issue in timely motions; and because he failed to demonstrate any other prejudice. From this technical violation of rule 11 Lucas did not suffer an injury sufficiently grievous to warrant collateral relief.

## CONCLUSION

We have considered all of Lucas's other arguments and find them to be without merit. We affirm that part of the judgment denying the motion to vacate the conviction; we reverse that part of the judgment granting limited collateral relief and remand to the district court with a direction to deny the motion in its entirety.