48 F.3d 1221
NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
 Joseph A. KRAUS, Petitioner/Appellant,
v.
UNITED STATES of America, Respondent/Appellee.
 No. 93-3618.
 United States Court of Appeals, Seventh Circuit.
 Submitted Feb. 28, 1995.*
Decided March 1, 1995.
 
 Before BAUER, COFFEY and FLAUM, Circuit Judges.
 
 ORDER
 
 1
 Joseph A. Kraus appeals the district court's denial of his petition to vacate, set aside or correct his sentence pursuant to 28 U.S.C. Sec. 2255. We reverse and remand.
 
 I. Background
 
 2
 In 1988, Kraus and several others were indicted on charges of cocaine distribution. Kraus and the government negotiated a plea agreement, under Fed.R.Crim.P. 11(e)(1)(C).[1] Kraus agreed to plead guilty to eight counts of distributing and conspiring to possess with intent to distribute cocaine. Kraus also agreed to plead guilty to one count of tax evasion. The government agreed as follows:
 
 
 3
 3. Upon Defendant Joseph A. Kraus' entry of pleas of "guilty as charged", as set out in the two paragraphs above, the United States of America and Defendant Joseph A. Kraus will inform the Court of their agreement that pursuant to Rule 11(e)(1)(C) of the Federal Rules of Criminal Procedure, a sentence of fifteen (15) years imprisonment on this case and a sentence of five (5) years imprisonment, to run concurrently with the fifteen year sentence, on the tax case is the appropriate disposition of each case identified above.
 
 
 4
 (Plea Ag. at 2-3). The plea agreement is silent as to any supervised release that would be imposed on Kraus.
 
 
 5
 The district court conducted a change of plea hearing in which Kraus pleaded guilty to the nine counts required in the plea agreement. The district court engaged in a Rule 11 colloquy with Kraus. The district court instructed Kraus as to the maximum penalties for each count.[2] The court then paraphrased the plea agreement, and questioned as follows:
 
 
 6
 THE COURT: With respect to the provision of the plea agreement that makes reference to Rule 11(e)(1)(C) of the Federal Rules of Criminal Procedure, I just want to make sure that you that that [sic] part of the rule allows the parties, you on the one hand and the government on the other hand, to agree as to an appropriate sentence in a case and recommend that sentence to the court. I will consider your recommendation, but I will decide whether to accept it or reject it. If I reject it, then you have an opportunity to withdraw your pleas of guilty. Do you understand that?
 
 
 7
 DEFENDANT KRAUS: Yes, ma'am.
 
 
 8
 THE COURT: If I accept it then I will sentence in accordance with your agreement. Do you understand that?
 
 
 9
 DEFENDANT KRAUS: Yes, ma'am.
 
 
 10
 (Tr. I at 18). Thereafter, the district court accepted Kraus's guilty pleas, but deferred accepting the plea agreement until the presentence report had been prepared, stating:
 
 
 11
 THE COURT: ... I have it under advisement the issue of whether to accept the recommendation of the parties made pursuant to Rule 11(e)(1)(C), and after I receive the presentence report and consider that and deliberate on the matter I will decide whether to accept it or to reject it.
 
 
 12
 If I reject it, of course, I will advise you of that prior to sentencing you, so that you will have an opportunity to withdraw your plea if that is your choice. If I accept it I will impose the sentence in accordance with the plea.
 
 
 13
 (Tr. I at 48). A PSR was prepared, which calculated Kraus's guideline range to be 188 to 235 months of imprisonment and a period of supervised release. This is the sentence Kraus would have faced if he had not entered the plea agreement. At the sentencing hearing, the government, in accordance with the plea agreement, stated: "the government feels that the fifteen years [180 months] agreed upon pursuant to 11(e)(1)(C) is in fact a fair sentence for Mr. Kraus, and the government would respectfully request the court to accept the plea agreement as presented." (Tr. II at 63). The district court accepted the plea agreement, stating:
 
 
 14
 THE COURT: The court finds that, even although the fifteen-year sentence is below the Sentencing Guidelines, that it is advisable in this case to depart downwards to the stipulated plea agreement.
 
 
 15
 (Tr. II at 64). Although fifteen years was the only sentence contemplated by the plea agreement, the district court continued:
 
 
 16
 THE COURT: With respect to supervised release, there is a statutory requirement that the court impose six years, and the court will impose that amount, on the condition that after he is released from prison Mr. Kraus will be supervised during that period and restricted by not committing any crimes, federal, state, or local, and must abide by all the other standard conditions. This six-year term is required under Title 21 United States Code 841(a) that mandates that the term of supervision be at least twice that authorized by 21 United States Code 841(b).
 
 
 17
 The court will not impose a fine. It was not contemplated as part of the plea agreement, and the court is accepting the plea agreement of the parties.
 
 
 18
 (Tr. II at 64). Kraus appealed, arguing that the PSR had miscalculated the applicable guideline range. Kraus did not raise the issue of the district court failing to adhere to the terms of his plea agreement. This court affirmed Kraus's sentence in an order dated August 1, 1990 (Docket No. 89-1693).
 
 
 19
 In 1993, Kraus brought this petition to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. Sec. 2255. Kraus alleged that once he received his computation sheet from the Bureau of Prisons, he realized that the six-year term of supervised release was in addition to the fifteen years of imprisonment, and not concurrent or absorbed into it like the sentence for tax evasion. Kraus argued that his sentence was unconstitutional because it did not conform to the accepted plea agreement. Kraus also raised the issue that two of his guilty pleas were not supported by facts essential to the elements of the offense. The district court denied the petition. Kraus now appeals.
 
 II. Applicable Law
 
 20
 Relief under Sec. 2255 is available to persons who allege that they are being held in custody in violation of the Constitution. A breach by the government of any express or implied terms of a plea agreement is a violation of due process, and thus may be challenged under Sec. 2255. See Mabry v. Johnson, 467 U.S. 504, 509 (1984) (Due Process clause violated where the defendant was not fairly advised of the consequences of his executed plea agreement); Santobello v. New York, 404 U.S. 257, 262-63 (1971) (constitutional violation to break promise made in plea agreement); Carnine v. United States, 974 F.2d 924, 927 (7th Cir.1992) (Sec. 2255 is an appropriate basis for relief for challenging non-adherence to a plea agreement).
 
 
 21
 It is well established that: "A plea bargain is a contract, the terms of which necessarily must be interpreted in light of the parties' reasonable expectations." United States v. Fields, 766 F.2d 1161, 1168 (7th Cir.1985) (quoting United States v. Mooney, 654 F.2d 482, 486 (7th Cir.1981)). "Plea agreements, though, are unique contracts 'in which special due process concerns for fairness and the adequacy of procedural safeguards obtain.' " Carnine, 974 F.2d at 928 (quoting United States v. Ataya, 864 F.2d 1324, 1329 (7th Cir.1989) (citations omitted)). "[A] constant factor is that when a plea rests in any significant degree on a promise or agreement of the prosecutor, so that it can be said to be part of the inducement or consideration, such promise must be fulfilled." Santobello, 404 U.S. at 262. When a defendant pleads guilty on a false premise, the conviction cannot stand. Mabry, 467 U.S. at 509.
 
 
 22
 However, "[t]he failure to raise constitutional challenges to a conviction on direct appeal bars a petitioner from raising the same issues in a Sec. 2255 proceeding without showing both (1) good cause for the failure to pursue a direct appeal and (2) actual prejudice resulting from the alleged constitutional violation." Carnine, 974 F.2d at 927-28 (quoting Theodorou v. United States, 887 F.2d 1336, 1340 (7th Cir.1989)).
 
 III. Analysis
 
 23
 Kraus argues that his sentence is constitutionally defective because it does not embody the sentence that was agreed upon in the plea agreement.[3] However, Kraus must first satisfy the requirements of cause and prejudice. Kraus had good cause because he did not become aware that the supervised release was in addition to his fifteen years of imprisonment until after he received a time sheet at the Bureau of Prisons. The government argues that Kraus was aware that a mandatory term of supervised release would be applicable because he was warned of such at the change of plea hearing. However, the district court warned Kraus not of the sentence that would be imposed upon him, but what sentences could be imposed if Kraus chose to plead not guilty and go to trial. Additionally, the government argues that the PSR made clear to Kraus that supervised release was mandatory. However, the district court rejected the recommended sentence of the PSR and, instead, the district court accepted the sentence provided for by the plea agreement.[4] See Carnine, 974 F.2d at 928 ("Carnine had good cause because he did not become aware of the effective commencement date of the Indiana sentence until he obtained a report from the BOP, well after the deadline for direct appeal had elapsed."). Prejudice resulted from the additional punishment Kraus received as a result of the supervised release.
 
 
 24
 Imposition of a term of supervised release directly affects the severity of Kraus's initial sentence. See United States v. Parriett, 974 F.2d 523, 526 (4th Cir.1992) (holding that "the revision of the supervised release statute altered the legal consequences of Parriett's original crime, and therefore ... the amendment cannot be applied to Parriett without violating the ex post facto clause."). "[S]upervised release, like parole, is an integral part of the punishment for the underlying offense." United States v. Meeks, 25 F.3d 1117, 1121 (2d Cir.1994). "[S]upervised release makes the defendant vulnerable to increased punishment in a number of situations in which he would not otherwise be vulnerable." Id. "By the plain language of the statute, supervised release, although imposed in addition to the period of incarceration, is 'a part of the sentence.' " United States v. Soto-Olivas, No. 93-50863, 1995 WL 2435, at * 2 (9th Cir. Jan. 5, 1995) (quoting 18 U.S.C. Sec. 3583(a)).
 
 
 25
 Kraus's plea agreement specified that the appropriate sentence would be fifteen years, without mentioning the possibility of the additional punishment of supervised release. The sentencing court accepted the plea agreement, but added a six-year term of supervised release to Kraus's sentence. The district court denied Kraus's petition to vacate the sentence, reasoning: "A technical violation of Rule 11 will not support relief under Section 2255." (Dist. Court Order, October 1, 1993) (citing cases). Although the acceptance of Kraus's plea agreement did violate Rule 11, "the thrust of his complaint concerns the constitutionality of the agreement." Carnine, 924 F.2d at 927. Kraus's grievance is that he negotiated an appropriate sentence under a plea agreement, which the district court accepted, not that he was given inadequate Rule 11 warnings.[5]
 
 
 26
 Kraus negotiated a plea agreement that exchanged his pleas of guilty for a fifteen year sentence of imprisonment. Once this agreement was accepted, Kraus's reasonable expectations were that his sentence would indeed be fifteen years of imprisonment. However, the sentencing court imposed an additional term of supervised release. This violates due process. "[R]ecognizing the unique contractual nature of plea agreements, 'when it develops that the defendant was not fairly apprised of its consequences [his plea can] be challenged under the Due Process clause.' " Carnine, 974 F.2d at 932 (quoting Mabry, 467 U.S. at 509).
 
 
 27
 If the sentencing court determines that supervised release is statutorily required, it should reject Kraus's plea agreement and allow him to withdraw his guilty plea and renegotiate the plea agreement. See Fields, 766 F.2d at 1169 ("The danger that a criminal defendant will be misled into relinquishing important constitutional rights based on an inaccurate understanding of the plea agreement increases in direct proportion to the agreement's vagueness.").
 
 
 28
 Kraus also raises the issue of whether there was a factual basis for two of the offenses that he pleaded guilty to. However, this issue was discussed extensively at the change of plea hearing and at the sentencing hearing. Kraus's failure to bring this issue on direct appeal prevents its being raised for the first time on Sec. 2255 review. Kraus also alleges that he received ineffective assistance of counsel. However, he did not raise this issue before the district court and has hence waived it. See Dortch v. O'Leary, 863 F.2d 1337, 1342 (7th Cir.1988) (ineffective assistance of counsel claim waived on appeal because of failure to raise it before the district court), cert. denied, 490 U.S. 1049 (1989).
 
 IV. Conclusion
 
 29
 Kraus negotiated, signed, and performed his duties under a plea agreement pursuant to Fed.R.Crim.P. 11(e)(1)(C). The plea agreement provided that Kraus's sentence would be fifteen years of imprisonment. The sentencing court accepted the plea agreement, but imposed an additional six years of supervised release upon Kraus. Because this additional punishment was not contemplated by the accepted plea agreement, we VACATE Kraus's sentence and REMAND for further proceedings.
 
 
 
 *
 After preliminary examination of the briefs, the court notified the parties that it had tentatively concluded that oral argument would not be helpful to the court in this case. The notice provided that any party might file a "Statement as to Need of Oral Argument." See Fed.R.App.P. 34(a); Cir.R. 34(f). Appellant has filed such a statement and requested oral argument. Upon consideration of that statement, the briefs, and the record, the request for oral argument is denied and the appeal is submitted on the briefs and record
 
 
 [1]
 Rule 11 reads, in relevant part:
 (e) Plea Agreement Procedure.
 (1) In General. The attorney for the government and the attorney for the defendant or the defendant when acting pro se may engage in discussions with a view toward reaching an agreement that, upon entering a plea of guilty or nolo contendere to a charged offense or to a lesser or related offense, the attorney for the government will do any of the following:
 (A) move for dismissal of other charges; or
 (B) make a recommendation, or agree not to oppose the defendant's request, for a particular sentence, with the understanding that such recommendation or request shall not be binding upon the court; or
 (C) agree that a specific sentence is the appropriate disposition of the case.
 * * *
 (2) Notice of Such Agreement.
 If the agreement is of the type specified in subdivision (e)(1)(A) or (C), the court may accept or reject the agreement, or may defer its decision as to the acceptance or rejection until there has been an opportunity to consider the presentence report....
 (3) Acceptance of a Plea Agreement.
 If the court accepts the plea agreement, the court shall inform the defendant that it will embody in the judgment and sentence the disposition provided for in the plea agreement.
 Fed.R.Crim.P. 11(e)(1); (2); and (3) (emphasis added).
 
 
 [2]
 However, the district court mistakenly advised Kraus that the maximum penalties included terms of special parole, when in fact they included terms of supervised release. This mistake was brought to the district court's attention after the district court had accepted Kraus's guilty pleas. The court advised Kraus:
 THE COURT: It's one and the same. But I don't want you to think, down the road when somebody gives you supervised release, if they do, that in some way your rights are jeopardized and that you actually had been informed that it would be a special parole term. It's one and the same. It's just that the names for them got changed. Do you understand that?
 DEFENDANT KRAUS: Yes, ma'am.
 (Tr. I at 50).
 
 
 [3]
 The plea agreement was made pursuant to Rule 11(e)(1)(C). In this type of plea agreement, the government and defendant agree on the appropriate sentence, in exchange for the defendant's guilty plea. The district court need not accept this type of plea agreement. If the district court rejects an (e)(1)(C) plea agreement, the defendant is allowed to withdraw his guilty plea. Fed.R.Crim.P. 11(e)(4). If the court accepts the plea agreement, the court "will embody in the judgment and sentence the disposition provided for in the plea agreement." Fed.R.Crim.P. 11(e)(3). This is very different from the more common form of plea agreements, made under Rule 11(e)(1)(B), in which the government agrees only to recommend a certain sentence, but leaves the district court with the discretion to impose sentence as it sees fit, and a defendant cannot withdraw his plea if he is dissatisfied with his sentence. Fed.R.Crim.P. 11(e)(2). In contrast, once a district court accepts a plea agreement under Rule 11(e)(1)(C), the district court has no such discretion to impose a sentence other than the one provided for in plea agreement
 
 
 [4]
 This point is further emphasized by the fact that the district court did not impose a fine because "[i]t was not contemplated as part of the plea agreement, and the court is accepting the plea agreement." (Tr. II at 64)
 
 
 [5]
 Similarly, the government's reliance on Lucas v. United States, 963 F.2d 8 (2nd Cir.), cert. denied, 113 S.Ct. 270 (1992) is misplaced. Lucas concerned an oral plea agreement where the district court failed to notify defendant that the maximum punishment included a term of supervised release, in violation of Rule 11(c)(1). The failure to warn a defendant of the possible penalties he faces is a separate issue from the failure to adhere to an accepted plea agreement