**James H. MULLINS, a/k/a Frederick H. Moore, Petitioner,**

v.

**UNITED STATES of America, Respondent.**

No. 95 Civ. 10764(MP).

United States District Court, S.D. New York.

Aug. 2, 1996.

James H. Mullins, Lewisburg, PA, pro se.

## OPINION

Milton Pollack, Senior District Judge:

In the last 20 years, after an extensive juvenile history of lawlessness, followed by a significant adult arrest and conviction record, the petitioner, James H. Mullins (sometimes also known as Frederick H. Moore, or Robert R. Haas) engaged in the manufacture and distribution of dangerous narcotics known as PCP (Phencyclidine). He is quite literate, having been a high school graduate followed by some years of attendance at college where he accumulated credits as a medical technician major. He did not matriculate.

The petitioner was indicted on felony narcotics offenses three times in the last 20 years; once in 1976, again in 1979 and again in 1991. His convictions on those indictments were in each case on pleas of guilty as charged. No appeal was taken from any of the convictions. He is presently imprisoned on the last of the convictions, which occurred on March 30, 1995 on his plea of guilty to the 1991 indictment. The Parole Commission has lodged a detainer against release from the present imprisonment. Petitioner's jail times meted out on the three convictions were respectively: (i) four and a half years; (ii) nine years consecutive to the first sentence; and (iii) 188 months. Each of the sentences of imprisonment was to be followed by Special Parole terms.

The instant petition relates to the earliest of those three convictions.

### I.

On July 19, 1976, Mullins pleaded guilty to manufacturing, distributing and possessing with intent to distribute approximately fourteen pounds of PCP. He fled following his guilty plea prior to the scheduled sentencing date. He was rearrested by Drug Enforcement agents more than three years later in the course of a new narcotics violation and was charged with another drug conspiracy.

Mullins was brought to Court on January 7, 1980 and this Court sentenced him on his 1976 guilty plea to a term of four and one-half years, a $10,000 fine and a special parole term of two years following his release from confinement. Mullins now moves pursuant to 28 U.S.C. § 2255 to vacate that 1980 conviction, purporting to claim, pro se, that: (i) his guilty plea proceeding in 1976 did not satisfy the requirements of Rule 11, Fed. R.Crim.P.; and (ii) he was denied effective assistance of counsel.

### II.

### Rule 11 Claims

Mullins' claims concerning the supposed inadequacies of the Rule 11 proceedings are, at the threshold, barred by his failure to raise those issues on direct appeal. Apart from the impediment to his claims, it is beyond cavil that no "constitutional or jurisdictional" error was involved in the plea proceedings; certainly there was no "complete miscarriage of justice" therein; nor were the proceedings "inconsistent with the rudimentary demands of fair procedure." *United States v. Timmreck,* 441 U.S. 780, 783–84, 99 S.Ct. 2085, 2087, 60 L.Ed.2d 634 (1979) (citing *Hill v. United States,* 368 U.S. 424, 82 S.Ct. 468, 7 L.Ed.2d 417 (1962)). The petitioner does not and cannot demonstrate that he was prejudiced by any alleged inadequacy in the allocution on the notion that he did not understand the consequences of the plea, or that, if he had been orally further advised, he would not have pled guilty. *See Lucas v. United States,* 963 F.2d 8, 13 (2d Cir.), *cert. denied,* 506 U.S. 895, 113 S.Ct. 270, 121 L.Ed.2d 199 (1992). Collateral relief under § 2255 will not be available "when all that is shown is a failure to comply with the formal requirements of the Rule." *Timmreck,* 441 U.S. at 785, 99 S.Ct. at 2088.

To head off claims such as Mullins', a written statement of the essentials to be covered under Rule 11 was created by the Court which the pleader was required to read in the Court's presence and then to aver that he understood its contents and the pleader would then be further questioned by the Court, as was done in this case. In that way the essentials were covered orally as expected under Rule 11. This procedure precluded any later attempt as is made here to suggest that constitutional rights were not enumerated verbally at the allocution.

Thus the form read and signed in the Court's presence by the pleader and his attorney constituted and compelled a verbal acknowledgement from the pleader that he had read and understood the charges against him; that he had told his attorney all he knew about the matters referred to; that his attorney had explained the nature of the charges, his constitutional rights and the punishment that could be imposed. He thereby also acknowledged in Court that he was told of his right to plead not guilty or to continue to plead not guilty and if he pleaded not guilty he would be presumed to be innocent of the charges, be entitled to a speedy trial in public by an impartial jury in which the government would have to establish guilt beyond a reasonable doubt to a unanimous 12 person jury; that at trial he would be entitled to remain silent and no inferences could be drawn against him because of his silence; that he could testify on his own behalf, that he was entitled to confront and cross-examine all witnesses against him, and was entitled to compulsory process of the court to obtain witnesses to testify in his defense and would be entitled to assistance of counsel.

The pleader was also so told, and acknowledged to the Court, that a plea of guilty, if accepted, was a surrender of those rights and the Court would have the same power to impose sentence as if a jury had found a verdict of guilty.

The pleader, among other things, was also so told and understood and acknowledged that he could be questioned by the Court and his answers could be later used against him if he were charged with perjury or false statements.

The hearing minutes reflect Mullins' acknowledgements of having read (and was thereby told in the Court's presence) and understood the foregoing. It was on that basis that he and his attorney then both signed the statement which they presented to the Court and which was filed as part of the plea proceedings.

Moreover, in the same proceeding, Mullins was asked to describe in his words what was the range of penalties he might be subjected to (and he did so) and whether he understood special parole and that this had been explained to him (and he so acknowledged). Mullins was asked what his guilt consisted of and he responded orally that he had manufactured 14 pounds of a controlled substance, put it in the trunk of his car and that his possession was for the purpose of distribution. He responded to the Court that he realized that it was illegal to do what he intended to and did do.

The plea allocution thus covered all the essentials of Rule 11 and a permanent record thereof was made by the signed written statement examined before the Court by the defendant and his counsel and then tendered to the Court as a written acknowledgement of the essentials. The additional answers of the petitioner beyond the matters covered in the written acknowledgement made manifest that Mullins was personally in open court, was properly informed by the Court and that the Court could and did reasonably determine that he understood it all and that the guilty plea could be and was appropriately to be accepted. There was no glitch in the proceedings which could be complained of twenty years later by manipulation of the case authorities in this sophisticated *pro se* application.

## Ineffective Assistance of Counsel Claims

To demonstrate his further claim of ineffective assistance of counsel, Mullins is bound to show that counsel's representation "fell below an objective standard of reasonableness" under "prevailing professional norms" and must "affirmatively prove prejudice," by demonstrating that "but for counsel's unprofessional errors, the result of the proceedings would have been different." *Strickland v. Washington,* 466 U.S. 668, 687–88, 693–94, 104 S.Ct. 2052, 2064–65, 2068, 80 L.Ed.2d 674 (1984). Mullins' claim in this regard is based upon the contention that his counsel did not file pretrial motions to suppress: (1) evidence found in searches of the car Mullins was driving at the time of his arrest or the house in which he manufactured the chemical substances at issue; or (2) a signed confession supposedly obtained by intimidation.

The courts consistently have held that defense attorneys are not required to file boilerplate motions for which there is little

basis of support. *See United States v. Di-Tommaso,* 817 F.2d 201, 215 (2d Cir.1987). In this case, the searches of both the car and the house were conducted pursuant to search warrants issued by a magistrate.[1] There is nothing to suggest that these warrants were unsupported by probable cause.

 Moreover, with respect to Mullins' allegations of intimidation, Mullins made two separate admissions and statements of guilt on two separate days, one of which was accompanied by his acknowledgment that he understood his rights and did not have complaints about his treatment by law enforcement agents. Even if both of these statements were to be suppressed following a motion by Mullins' counsel, overwhelming evidence of Mullins' guilt would have remained.[2] In light of this overwhelming evidence, Mullins' counsel employed the reasonable legal strategy of negotiating a plea that ultimately reduced his client's sentencing exposure by half.[3] *See United States v. Nersesian,* 824 F.2d 1294, 1321 (2d Cir.), *cert. denied,* 484 U.S. 957, 108 S.Ct. 355, 98 L.Ed.2d 380 (1987) (strategic decisions generally do not form a basis for an ineffective assistance of counsel claim).

### III.

Mullins' claims based on a supposed inadequacy of the Rule 11 allocution are barred by his failure to raise those issues on direct appeal in the two decades following his conviction on his guilty plea. Furthermore, any technical violation of Rule 11 would not entitle Mullins to relief under the Supreme Court's *Timmreck* analysis. Finally, Mullins' claim based on a supposed violation of his Sixth Amendment right to effective assistance of counsel fails because Mullins has not demonstrated deficiencies of sufficient substance in that representation or the requisite prejudice necessary to satisfy an ineffectiveness claim.

The petitioner's motion to vacate his 1980 sentence is denied.

SO ORDERED.

---

1. Mullins erroneously contends that these were warrantless searches. Even if Mullins' contentions as to the search of the automobile were true, this search was conducted with probable cause arising from the DEA's surveillance and would therefore fall under the automobile exception to the warrant requirement. *See California v. Acevedo,* 500 U.S. 565, 111 S.Ct. 1982, 114 L.Ed.2d 619 (1991).

2. DEA agents observed Mullins: (1) loading chemicals into his car; (2) transporting them to another location, at which the agents detected chemical odors, and later discovered PCP laboratory equipment and "precursor" chemicals; and then (3) arrested him as he drove a car carrying fourteen pounds of PCP from that location towards New York City.

3. As the government notes in its brief, if Mullins had been convicted of both counts in the indictment, he would have faced a maximum sentence of ten years' incarceration, a $30,000 fine, and four years mandatory special parole.