19-1524-pr
*Rojas v. United States*

**UNITED STATES COURT OF APPEALS**
**FOR THE SECOND CIRCUIT**

**SUMMARY ORDER**

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 19th day of March, two thousand twenty.

PRESENT:   DENNIS JACOBS,
                      GUIDO CALABRESI,
                      DENNY CHIN,
                                   *Circuit Judges.*
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x


CRISTIAN ROJAS,
                                   *Petitioner-Appellant*,

                       -v-                                                          19-1524-pr

UNITED STATES OF AMERICA,
                                   *Appellee.*


- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x


FOR PETITIONER-APPELLANT:            RHIDAYA TRIVEDI (Ronald L. Kuby, *on the brief*), Law Office of Ronald L. Kuby, New York, New York.

FOR APPELLEE:                JARED LENOW, Assistant United States Attorney (Richard Cooper *and* Karl Metzner, Assistant United States Attorneys, *on the brief*), *for* Geoffrey S. Berman, United States Attorney for the Southern District of New York, New York, New York.

Appeal from the United States District Court for the Southern District of New York (Abrams, *J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court is **AFFIRMED.**

Petitioner-appellant Cristian Rojas appeals the district court's order entered May 16, 2019, denying his motion pursuant to 28 U.S.C. § 2255 to vacate his judgment of conviction. On April 3, 2015, Rojas pled guilty to one count of conspiracy to distribute and possess with the intent to distribute a controlled substance -- MDMA (or ecstasy) -- in violation of 21 U.S.C. § 846, and on September 26, 2018, the district court sentenced Rojas to time served. On appeal, Rojas contends that his § 2255 motion should have been granted because the district court violated the Fifth Amendment and Federal Rule of Criminal Procedure 11 when it informed him that he is "likely to be deported" and that deportation "may be mandatory" as a consequence of his guilty plea. We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal.

## DISCUSSION

### I.      *Applicable Law*

Federal Rule of Criminal Procedure 11 requires the court, during a plea colloquy, to confirm that the defendant understands "that, if convicted, a defendant who is not a United States citizen may be removed from the United States, denied citizenship, and denied admission to the United States in the future."  Fed. R. Crim. P. 11(b)(1)(O).

Rule 11 "is designed to ensure that a defendant's plea of guilty is a voluntary and intelligent choice among the alternative courses of action open to the defendant," *Zhang v. United States*, 506 F.3d 162, 168 (2d Cir. 2007), and our precedent requires "strict adherence," *United States v. Pattee*, 820 F.3d 496, 503 (2d Cir. 2016). Nonetheless, all that is required is that a defendant be placed on notice that his guilty plea has potential immigration consequences and that he be provided an opportunity to discuss those consequences more fully with his attorney or with an immigration specialist.  *Zhang*, 506 F.3d at 169.  As we noted in *Zhang*:

> To hold a sentencing court that has decided to address the topic to a higher standard of detail in explaining possible immigration ramifications -- a notoriously complex and constantly shifting area of law -- would likely have the perverse effect of encouraging sentencing courts simply to avoid the issue entirely, lest a reviewing court find a statement to be, in retrospect, misleading.

*Id.* at 169.

3

Where a Rule 11 challenge is brought in a motion under 18 U.S.C. § 2255, the "movant can successfully challenge [the] guilty plea conviction . . . only by establishing that the violation constituted a constitutional or jurisdictional error, or by showing that the error resulted in a complete miscarriage of justice or in a proceeding inconsistent with the rudimentary demands of fair procedure." *Lucas v. United States*, 963 F.2d 8, 12-13 (2d Cir. 1992) (internal quotations and citations omitted). The movant must also show prejudice, meaning that "he did not understand the consequences of his plea, or that, if he had been properly advised, he would not have pled guilty." *Id.* at 13.

## II.     *Analysis*

The district court did not err in denying Rojas's motion because the deportation warning given during his plea allocution was accurate and the record is clear that Rojas fully understood the immigration consequences of his plea.[1]  Rojas pled guilty to one count of conspiracy to distribute and possess with the intent to distribute MDMA, in violation of 21 U.S.C. § 846, on April 3, 2015.  Before accepting the plea, the district court addressed Rojas as follows:

> [I]t's very important that you understand that as a result of
> your plea, you're likely to be deported and that deportation
> may be mandatory.  Did you discuss the possible
> immigration consequences of your plea with your attorney?

---

[1]     The Government argues that Rojas's claim is procedurally barred by his failure to raise it on direct appeal and was waived by his plea agreement.  Because we hold that Rojas's claim fails on the merits, we do not reach these procedural issues.

App'x at 66. Rojas replied, "Yes, your Honor." App'x at 67.

Rojas contends that the court's instructions failed to satisfy Rule 11 because the court used the words "likely" and "may be mandatory" when deportation was, according to him, an unambiguous certainty in his case. But deportation was not a certainty. As Rojas conceded in his motion below, at least two avenues of relief from deportation remained potentially available to him following his guilty plea -- successful completion of the Southern District's Young Adult Opportunity Program (which can in certain circumstances result in the dismissal of charges), *see* App'x at 152 n.4, and the filing of a claim for relief under the Convention Against Torture. *See* App'x at 163 n.2. Thus, even though Rojas's chances of avoiding removal were slim, there was a possibility that he could do so. If the district court had advised him that deportation was certain, that advice would have been wrong. The district court's statement that "deportation may be mandatory" was accurate in the circumstances, and cannot form the basis for a finding that Rojas's plea was involuntary. *See Zhang*, 506 F.3d at 168 ("If the statements were accurate at the time they were made, then they could not reasonably be said to be misleading and could not have rendered [the defendant's] guilty plea involuntary."). And even assuming there was error, on this record the error was not plain.

\* \* \*

We have considered Rojas's remaining arguments and conclude they are without merit.  For the foregoing reasons, we **AFFIRM** the judgment of the district court.

The mandate shall issue forthwith.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk