Alfred I. MILLER, Petitioner,

v.

UNITED STATES of America, Respondent.

No. 92–CV–521.

United States District Court, N.D. New York.

July 19, 1993.

Alfred I. Miller, pro se.

Gary L. Sharpe, U.S. Atty., N.D.N.Y., Binghamton, NY (Bernard J. Malone, Asst. U.S. Atty., Albany, NY, of counsel), for respondent.

## ORDER

McAVOY, Chief Judge.

Defendant Alfred I. Miller ("Miller") petitions the court pursuant to Title 28, United States Code, Section 2255 to vacate, set aside, or correct the sentence imposed upon him. In support of his motion the petitioner raises two issues: (1) that Rule 11(c)(1) of Federal Rules of Criminal Procedure plea colloquy was defective because there was no mention of a supervised release period; and (2) that this court should have credited petitioner for time spent in a federal medical center while there under a writ of habeas corpus ad prosequendum. For the reasons discussed below, the court disagrees on both grounds and the motion is denied and the petition dismissed.

## I. Discussion

On April 22, 1988, Miller was sentenced to five (5) years imprisonment on multiple criminal counts by the Superior Court of Delaware. On May 3, 1988, Miller was sent to the Northern District of New York pursuant to a writ of habeas corpus ad prosequendum issued by this court. Upon application by the the Assistant U.S. Attorney and consent of petitioner, U.S. Magistrate Ralph W. Smith, Jr. of the Northern District of New York ordered Miller to be delivered to the Missouri Federal Medical Center to be treated for hip and jaw injuries. He remained at the federal facility until March 12, 1990, when Miller was returned to this court. At that time he pled guilty to Indictment 88–CR–101 which charged him with possession of stolen mail, in violation of Title 18, United States Code, Section 1708.

Miller was sentenced on May 18, 1990 to a twenty (20) month term of imprisonment, a three (3) year term of supervised release, and a mandatory special assessment of $50.00.

### A. Defective Plea Colloquy

Miller asserts that his sentence should be set aside, corrected, or vacated because he was not informed that his sentence could include a supervised release period.[1] While the court agrees that a technical violation of Rule 11 occurred in this instance, the court finds that the error does not justify a reduction in sentence.

Indeed, the Supreme Court has specifically held that not every Rule 11 violation is subject to collateral attack. *United States v. Timmreck*, 441 U.S. 780, 781, 99 S.Ct. 2085, 2086, 60 L.Ed.2d 634 (1979).[2] The *Timmreck* Court referred to Rule 11 violations that were not constitutional, jurisdictional or a complete miscarriage of justice, as formal or "technical" violations of the rule and therefore not grounds for collateral attack. *Id.*, 441 U.S. at 783–84, 99 S.Ct. at 2087.

The Second Circuit recently elaborated on the Supreme Court's position by stating that the movant must not only show that he did not understand the consequences of his pleas, but must also "... demonstrate that he was prejudiced by the violation because he did not understand the consequences of his plea, or that, if he had been properly advised, he would not have pled guilty." *Lucas v. United States*, 963 F.2d 8, 13 (2d Cir.1992), *cert. denied,* —— U.S. ——, 113 S.Ct. 270, 121 L.Ed.2d 199 (1992) (citations omitted). Miller does not assert that he was prejudiced by the violation or that he would not have pled guilty if he knew about the supervised release period. Rather, Miller rests his request for relief solely on the ground that a technical violation of Rule 11(c)(1) has occurred—namely that he was not informed of

---

**1.** Before accepting a plea of guilty or nolo contendere, the court must address the defendant personally in open court and inform the defendant of, and determine that the defendant understands, the following:

  1) the nature of the charge to which the plea is offered, the mandatory minimum penalty provided by law, if any, and the maximum possi-

ble penalty provided by law, **including** the effect of any special parole or **supervised release term....**

Federal Rules of Criminal Procedure 11(c)(1) (emphasis added).

**2.** This case involved a Rule 11 violation resulting from the district court's failure to inform the defendant of a mandatory special parole term.

a supervised release period during the plea colloquy. This falls significantly short of the *Lucas* standard.

In addition, formal or technical violations do not become constitutional if the defendant was given the opportunity to bring these issues before the court. *Lucas,* 963 F.2d at 14–15. Miller and his counsel were given the opportunity to question the supervised release period mentioned in the presentence report during sentencing but failed to comment on it.[3] This silence must be taken as tacit acceptance or at least an acknowledgement of the supervised release portion of the sentence. For these reasons, the court denies petitioner's motion on this ground.

### B. Credit Under Habeas Corpus Ad Prosequendum

 Miller also asserts that this court should have credited him for time spent at the Missouri Federal Medical Center while in federal custody under a writ of habeas corpus ad prosequendum. He requests credit on his federal sentence for the two years during which he received surgical procedures at the federal facility awaiting prosecution. However, this request must be denied.

Generally a defendant transferred via a writ of habeas corpus ad prosequendum is under the temporary custody of the receiving state.[4] However, this is not always the case. For the purposes of Title 18, United States Code, Section 3585(b),[5] which is the applicable section governing the terms under which credit for prior custody shall be given, the receiving state gains no custody if the individual is produced pursuant to a writ of habeas corpus ad prosequendum. *Flick v.*

*Blevins,* 887 F.2d 778, 781–82 (7th Cir.1989), *cert. denied,* 495 U.S. 934, 110 S.Ct. 2179, 109 L.Ed.2d 508 (1990). Rather, the defendant is deemed only to be "on loan" from the sending state. *Crawford v. Jackson,* 589 F.2d 693, 695 (D.C.Cir.1978), *cert. denied,* 441 U.S. 934, 99 S.Ct. 2056, 60 L.Ed.2d 662 (1979); *Thomas v. Brewer,* 923 F.2d 1361, 1367 (9th Cir.1991).

Thus, although Miller was under federal control for two years at the Missouri Federal Medical Center, for the purposes of § 3585 he was not under federal custody. *Thomas v. Whalen,* 962 F.2d 358, 360–61 (4th Cir. 1992). Therefore, § 3585 is inapplicable to this petition and this court need not afford any credit. This is because under § 3585, a federal sentence does not commence " '... until the United States obtains custody enabling it and entitling it to enforce the sentence.' "[6] *Crawford,* 589 F.2d at 695 (quoting *Application of Nelson,* 434 F.2d 748, 750 (1970), *vacated on other grounds,* 402 U.S. 1006, 91 S.Ct. 2193, 29 L.Ed.2d 428 (1971)).

### II. Conclusion

For the reasons discussed, it is hereby **ORDERED** that the petitioner's motion is denied in its entirety and his petition dismissed.

**3.** Paragraphs 42 and 43 of the presentence report prepared on May 1, 1990 outlined the possibility of a supervised release period. Miller stated that he had read and discussed the presentence report with his counsel when asked by the court during sentencing. Although Miller's counsel refuted several items contained in the report during sentencing, counsel did not bring up the supervised release provision.

**4.** The receiving state in this case refers to federal authorities and sending state refers to Delaware.

**5.** § 3585(b) provides:
**Credit for prior custody.** A defendant shall be given credit toward the service of a term of imprisonment for any time he has spent in official detention prior to the date the sentence commences—

(1) as a result of the offense for which the sentence was imposed; or
(2) as a result of any other charge for which the defendant was arrested after the commission of the offense for which the sentence was imposed;
that has not been credited against another sentence.
**Note:** § 3585 is in part a reenactment of § 3568 which was repealed as of November 1, 1987. However, case law interpretation of terminology such as "custody" refer back to the definitions used for interpreting § 3568.

**6.** The only way for Miller to have been under federal custody is if he had been returned to Delaware pursuant to the writ and then returned to the federal authorities. *Crawford,* 589 F.2d at 695.