**UNITED STATES of America**

v.

**Steven CREA, Defendant.**

**No. 93 CR 506 (SJ).**

United States District Court,
E.D. New York.

June 26, 1997.

828

Zachary W. Carter, U.S. Atty., Eastern District of New York by Bridget M. Rohde, Assistant U.S. Atty., for U.S.

Paul A. Victor, Dublirer, Haydon, Straci & Victor, New York City, for Defendant.

## MEMORANDUM & ORDER

JOHNSON, District Judge:

### BACKGROUND

On August 18, 1995 the Defendant, Steven Crea, pled guilty to conspiracy to defraud the United States Government. On December 8, 1995, the Defendant was sentenced to nine months imprisonment, various fines, restitution, and three years of supervised release. The Defendant served his sentence of imprisonment and was released from jail on November 7, 1996.

The Defendant then met with his probation officer, Mark J. Maffucci, who gave the Defendant a copy of the Judgment and Commitment Order. The Defendant also signed Probation Form 7A, titled "Conditions of Probation and Supervised Release" acknowledging his awareness of the conditions governing his term of supervised release. The Defendant protested the validity of the standard conditions, numbered one through thirteen on the form, by signing and writing in "I will abide by all conditions pending a review and determination by the Court regarding the scope of the Court order." [1]

The Defendant now moves to "resettle" the judgment to exclude these conditions from his term of supervised release. He argues that the United States Sentencing Guidelines ("U.S.S.G.") and related statutory authorities only mandate two conditions of supervised release; that the defendant not commit an-

1. A copy of this form is attached. These same conditions are also set forth in the Judgment and Commitment Order as conditions 2–7 and 9–14 and U.S.S.G. § 5B1.4(a)(1)–(13). Condition 7 of U.S.S.G. § 5B1.4 and Probation Form 7A is a paraphrase of the mandatory condition regarding controlled substances.

other Federal, state or local crime, and that the defendant not possess illegal controlled substances. The Defendant claims that because the Court did not specifically state on the record at sentencing that the Defendant would be subject to the standard conditions of supervised release as set forth in Probation Form 7A there is a "variance" between the oral and written sentencing pronouncements, and that he is not therefore subject to the conditions. The Defendant also challenges the Court's authority to modify the term of supervised release to include the standard conditions.

█ The Defendant claims that imposing the conditions constitutes an *ex post facto* modification of his sentence in violation of Federal Rule of Criminal Procedure 32.1(b). Defendant alleges violation of his rights to due process, privacy and movement, freedom of association, freedom from warrantless search and seizure[2] and his right against self-incrimination. Def. Mem. at 9.

For the reasons set forth below, the Defendant's motion is denied. The Defendant shall abide by each of the conditions set forth in Probation Form 7A and the Judgment and Commitment Order for the remainder of his term of supervised release. As informed by this Court at the plea colloquy, the Defendant may be returned to prison for up to two years for violating any of the standard conditions for the remainder of his term of supervised release.

## DISCUSSION

The Defendant first argues that the conditions of supervised release were not properly imposed, and that he is therefore not bound by them. He then argues that the Court does not have the authority to impose the conditions at this time. Although the Court concludes that the conditions were properly imposed, in the interest of finality, the Court will address the Defendant's argument regarding the Court's authority to modify the conditions of supervised release. The Court will first provide a brief overview of the purpose of supervised release to provide some context for the Defendant's arguments.

## I. SUPERVISED RELEASE

█ Supervision is a means of protecting the public from those who have been deemed dangerous. The defendant is allowed a chance to readjust to society and an opportunity to learn how to live a life free of criminal activity. Supervised release is intended to impose reasonable restrictions on the Defendant's liberty in light of the Defendant's past criminal behavior, to provide the much-needed guidance of a probation officer, and to discourage activity which may lead to further crimes.[3]

█ Supervised release requires a defendant to alter his or her behavior, but compared to imprisonment, the conditions of supervised release impose a very minor infringement on a defendant's liberty. Simply put, individuals on supervised release are not entitled to the same liberties as others who have not been determined to need supervision. As recently stated by the Second Circuit Court of Appeals;

> [T]he constitutionality of limitations on an individual's right to associate with those who have been convicted of unlawful activity has been upheld in a variety of contexts, most commonly to prevent a convicted defendant from associating with those who would lead him back into a life of crime. The government may, for instance, impose

---

2. This claim that the conditions subject him to search and seizure without a warrant is incorrect. The probation officer may visit the Defendant at any time, but may only confiscate "contraband *observed in plain view* by the probation officer." Probation Form 7A(10) (emphasis added).

3. Courts have broad power to impose conditions of supervised release, and conditions are only reviewed for abuse of discretion. *United States v. Abrar*, 58 F.3d 43 (2d Cir.1995). The Court may impose conditions that involve no greater deprivation of liberty than necessary, and that are reasonably related to (1) the nature and circumstances of the offense and the history and characteristics of the defendant and (2) the need for the sentence imposed to afford adequate deterrence to criminal conduct, to protect the public from further crimes of the defendant, and to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner. 18 U.S.C. §§ 3553(a)(2) and 3583(d).

restrictions "reasonably and necessary related" to its continuing interest in a wrongdoer's rehabilitation, and in protecting the public from further criminal acts. *Sanitation and Recycling Indus. v. City of New York,* 107 F.3d 985, 998 (2d Cir.1997).

■ Crea alleges that the condition prohibiting his association with convicted felons "burdens [his] First Amendment right of freedom of association" and "directly impacts his ability to maintain his livelihood." Def. Not. of Mot. at ¶ 14. Crea pled guilty to conspiracy, thus rendering his past associations especially relevant to his criminal history and future propensity for crime. This condition is therefore particularly necessary in this case.

In *United States v. Bolinger,* 940 F.2d 478 (9th Cir.1991), the court upheld a condition of supervised release prohibiting the defendant's participation or membership in motorcycle clubs. The court, considering the defendant's plea of guilty to firearms possession and drug dealing, concluded that this was a valid restriction on the defendant's freedom of association.

The sentencing judge could properly have concluded that Bolinger was more likely to relapse into crime if he returned to his prior associations. Probation conditions may seek to prevent reversion into a former crime-inducing lifestyle by barring contact with old haunts and associates, even though the activities may be legal. *Bolinger,* 940 F.2d at 480 (*citing Malone v. United States,* 502 F.2d 554, 556–57 (9th Cir.1974), *cert. denied,* 419 U.S. 1124, 95 S.Ct. 809, 42 L.Ed.2d 824 (1975)).

The Defendant entered into a very favorable plea agreement with the government, and was sentenced at the mid-point of the applicable guideline range of six to twelve months. He has greatly profited from a system that balances the defendant's rehabilitation with the need to protect the public. Now, through semantical manipulations, the Defendant wishes to escape the minor requirements of supervision. This, the Court will not allow.

## II. "VARIANCE" BETWEEN THE WRITTEN AND ORAL SENTENCING PRONOUNCEMENTS

The written conditions listed in Probation Form 7A and the Judgment and Commitment Order fully conform with the Court's oral imposition of a sentence of three years supervised release. Rather than being a "variance," as alleged by the Defendant, the detailed list of conditions is merely a means of setting forth the procedures and administration of supervision, and explaining to the Defendant exactly what is expected of him while on supervised release.

### A. STATUTORY AUTHORITY

■ This Court relies on 18 U.S.C. § 3583(f) "Written Statement of Conditions" which states:

> The court shall direct that the probation officer provide the defendant with a written statement that sets forth all the conditions to which the term of supervised release is subject, and that is sufficiently clear and specific to serve as a guide for the defendant's conduct and for such supervision as is required.

This section provides sound authority for the procedure followed by courts throughout the United States. The statute presumes that the sentencing court will *not* read at sentencing each of the standard conditions imposed on a defendant, and will leave the administration of supervision to a duly authorized probation officer. Thus, it can not be argued that the terms of supervised release provided to the Defendant by his probation officer constitute a variance with the oral sentence imposed.

### B. HARMLESS ERROR EVEN IF "VARIANCE" EXISTS

■ Even a court's total failure to notify a defendant of a term of supervised release, state its length or explain its effect may constitute harmless error, if error at all. If the total term of imprisonment and supervised release is less than the potential statutory maximum for the offense, then there is no prejudice to the defendant's substantive rights. *See, e.g., McCleese v. United States,* 75 F.3d 1174 (7th Cir.1996); *United States v.*

*Raineri,* 42 F.3d 36 (1st Cir.1994), *cert. denied,* 515 U.S. 1126, 115 S.Ct. 2286, 132 L.Ed.2d 288 (1995); *United States v. Good,* 25 F.3d 218 (4th Cir.1994); *United States v. Gracia,* 983 F.2d 625 (5th Cir.1993); *United States v. Barry,* 895 F.2d 702 (10th Cir.), *cert. denied,* 496 U.S. 939, 110 S.Ct. 3222, 110 L.Ed.2d 669 (1990); *Miller v. United States,* 826 F.Supp. 636 (N.D.N.Y.1993).

■ Courts reason that the defendant's knowledge of the possibility, nature, or length of supervised release would not have affected the defendant's decision to plead guilty. The same analysis applies in the instant case, where the Defendant is only claiming that he did not know the specific conditions governing his term of supervised release.

The Defendant pled guilty to a crime that exposed him to a maximum term of imprisonment of five years and three years supervised release. He received a sentence of nine months imprisonment and three years supervised release. It can not be reasonably presumed that more information on the details of administration of supervision would have affected the Defendant's decision to plead guilty. It is highly unlikely that the Defendant would have risked five years of prison in lieu of complying for three years with the very minor inconveniences caused by the conditions. This analysis is further supported by the fact that had the Defendant served a five year prison term, he *still* would have been bound by the very same conditions.

Although the Court concludes that no error occurred in its failure to recite the standard conditions of supervised release at sentencing, any possible error resulting from this omission was clearly harmless.

## III. DEFENDANT'S UNDERSTANDING OF SUPERVISED RELEASE

■ The Defendant's argument presupposes that at the time of sentencing the Defendant had no reason to believe that su-

pervised release would require him to alter his activities and/or behavior in any way. While the Defendant sharply contests the government's argument of "implied" conditions of supervision, the Court concludes that the Defendant, represented by experienced counsel, surely contemplated some obligations on his part.

Both the Court and the government informed the Defendant that he was subject to a term of supervised release, and of the consequences of violating the conditions of that term. The phrase "supervised release" was used in the plea agreement, during plea allocution, and at sentencing, and the Defendant was given numerous opportunities to question or comment if he was unclear about what precisely supervision might entail. It further weighs against the Defendant that he repeatedly remained silent when informed of the term of supervised release. The Court may interpret that silence as the Defendant's knowledge and awareness of the general nature of supervised release.

In *Miller v. United States,* 826 F.Supp. 636 (N.D.N.Y.1993)[4], the defendant challenged his sentence on the ground that the court failed to notify the defendant at plea colloquy of the possibility of a term of supervised release. The Court denied the defendant's motion concluding,

> Miller and his counsel were given the opportunity to question the supervised release period mentioned in the presentence report during sentencing but failed to comment on it. This silence must be taken as tacit acceptance or at least an acknowledgment of the supervised release portion of the sentence. *Miller,* 826 F.Supp. at 638.

Crea claims that a constitutional violation occurred when in fact, the very most that could be alleged is a formal or "technical" error. Such errors, however, "do not become constitutional if the defendant was given the opportunity to bring these issues before the court." *Id.* (citing *Lucas v. United States,* 963 F.2d 8, 14–15 (2d Cir.), *cert. denied,* 506

---

4. *Miller* is also instructive on the impropriety of frivolous collateral attacks based on technicalities. As in this case, the defendant in *Miller* did not claim that he would not have pled guilty had he known of the term of supervised release. *Mil-*

ler, 826 F.Supp. at 637 (*citing Lucas v. United States,* 963 F.2d 8, 13 (2d Cir.), *cert. denied,* 506 U.S. 895, 113 S.Ct. 270, 121 L.Ed.2d 199 (1992)). *See also infra* Part II.B.

U.S. 895, 113 S.Ct. 270, 121 L.Ed.2d 199 (1992)).

The Defendant's claim that the Court's omission amounts to a constitutional violation is without merit.

## IV. "SPECIAL" AND "STANDARD" CONDITIONS

 The Defendant argues that the conditions of supervised release listed in Probation Form 7A are "special conditions." Special conditions can only be imposed if the court gives the reasons for the conditions on the record at sentencing, and if the conditions are reasonably calculated to advance the goals of supervised release as set forth 18 U.S.C. § 3553(a)(2). *See infra* note 3. The Defendant claims that the Court provided no reasons for imposing the conditions at the time of sentencing, thus rendering the conditions invalid.

The Defendant ignores the headings in the United States Sentencing Guidelines and relies heavily on one case to bolster his creative, but fatally-flawed argument that there are no "standard conditions" of supervised release. Def. Reply at 2.

The Court observes that the heading of U.S.S.G. § 5B1.4(a) states "The following 'standard' conditions (1–13) are generally recommended for both probation and supervised release." The heading of U.S.S.G. § 5B1.4(b) states "The following 'special' conditions of probation and supervised release (14–24) are either recommended or required by law under the circumstances described, or may be appropriate in a particular case." Although it appears quite clear from these headings that there are "special" and "standard" conditions, the defendant argues that the Second Circuit Court of Appeals has ruled that the Sentencing Reform Act of 1986 eliminated the standard conditions.

In *United States v. Smith*, 982 F.2d 757 (2d Cir.1992), the defendant challenged the condition that he meet with his probation officer regularly. Smith argued, as does Crea, that this condition was never imposed

by the sentencing court because the court failed to make an explicit determination that the condition met the sentencing requirements of 18 U.S.C. § 3583(d).

*Smith* states;

[T]he Sentencing Reform Act eliminated standard conditions, replacing them with mandatory and discretionary conditions. Regular meetings with a probation officer are not a mandatory condition of supervised release under 18 U.S.C. § 3583(d). However, § 3583(d) indicates that the court may impose additional, discretionary conditions, including those listed in the probation statute at 18 U.S.C. § 3563(b).[5]

*Smith,* 982 F.2d at 764.

This statement regarding the "elimination" of standard conditions is puzzling, considering that the *Smith* court itself refers to the conditions as "standard."

While a court must conduct the analysis this section requires, it need not analyze the factors on the record for each condition. The challenged condition [visiting a probation officer], like most of the *standard conditions* imposed, is a *basic administrative requirement* essential to the functioning of the supervised release system. *Id.* (emphasis added) (citation omitted).

The Court concludes that Smith is bound by the conditions, and that the sentencing court did *not* have justify their imposition on the record at sentencing. Although *Smith* held that the conditions listed at U.S.S.G. § 5B1.4(a) are "discretionary," the holding also indicates that these conditions are not "special" conditions that would require the court to justify their imposition.

*United States v. Williams,* 65 F.3d 301 (2d Cir.1995) further supports the idea of "standard conditions" and the method of imposition utilized by this Court. The Court of Appeals notes that the district court did not impose any "special conditions," and that the defendant was subject only to "standard conditions of supervised release." *Id.* at 308. The Second Circuit then cites U.S.S.G.

---

**5.** This Statute includes additional conditions that are not listed in Probation Form 7A and U.S.S.G. § 5B1.4(a), as well as conditions that clearly have more of an impact on liberty interests—for example residential and occupational restrictions and electronic monitoring.

§ 5B1.4(a), which lists the conditions challenged by Crea. *Id.*

While several cases involve challenges to conditions of supervised release, only *Smith* challenges one of the standard conditions. Other cases reveal examples of "special conditions" imposing constraints on liberties far beyond those resulting from the standard conditions. *See, e.g., United States v. Ismoila*, 100 F.3d 380 (5th Cir.1996) (defendant convicted of wire fraud and ordered to pay restitution must provide access to any financial information requested by probation officer); *United States v. Edgin*, 92 F.3d 1044 (10th Cir.1996), *cert. denied*, —— U.S. ——, 117 S.Ct. 714, 136 L.Ed.2d 633 (1997) (defendant who pled guilty to making harassing calls to son's mother prohibited contact with son; remanded to district court to make findings regarding necessity because condition had severe impact on liberty interest); *United States v. Phaneuf*, 91 F.3d 255 (1st Cir.1996) (defendant convicted of credit card fraud prohibited from incurring extension of credit without permission from probation department); *United States v. Peppe*, 80 F.3d 19 (1st Cir.1996) (defendant convicted of making extortionate extensions of credit required to have any new credit charges or credit lines reviewed by probation officer); *United States v. Doe*, 79 F.3d 1309 (2d Cir. 1996) (defendant who pled guilty to filing false tax returns required to notify tax preparation clients of conviction; remanded to district court to provide justification); *United States v. Johnson*, 998 F.2d 696 (9th Cir. 1993) (defendant ordered to abstain from alcohol because of personal and familial history of substance abuse, and proceeds of crimes used to buy alcohol); *United States v. Mills*, 959 F.2d 516 (5th Cir.1992) (defendant convicted of altering odometers prohibited from participating in car business); *United States v. Sharp*, 931 F.2d 1310 (8th Cir.1991) (defendant pled guilty to conspiracy to distribute narcotics subject to warrantless searches for alcohol or drugs).

A brief perusal of the aforementioned cases illustrates what is meant by the term "special conditions." None of these conditions are included in U.S.S.G. § 5B1.4(a), but several are specific applications of the conditions set forth in U.S.S.G. § 5B1.4(b). As compared to the conditions listed above, the conditions challenged by the Defendant impose few restraints on individual liberties.

## V. AUTHORITY TO MODIFY CONDITIONS

■ The Defendant argues that the conditions were not properly imposed on the Defendant, and that the Court can not amend the Defendant's sentence to include these conditions. Although the conditions were properly imposed, the Court will nonetheless address the issue of modification of conditions of supervised release.

The Defendant relies on *United States v. Strozier*, 940 F.2d 985, 987 (6th Cir.1991), which held that a court may amend a sentence *sua sponte* only within the time for appeal, and only to conform the sentence to the mandatory provisions of the Sentencing Guidelines.[6] A different statutory provision, however, applies to modification of a term of supervised release.

■ 18 U.S.C. § 3583(e)(2) states that after consideration of the relevant sentencing factors described in 18 U.S.C. § 3553 *et seq.*, the court may "modify, reduce, or enlarge the conditions of supervised release, *at any time prior to the expiration or termination of the term of supervised release.*" (emphasis added).[7] *See, e.g., United States v. Berardini*, 112 F.3d 606, 610 (2d Cir.1997); *United States v. Morales*, 45 F.3d 693, 696 (2d Cir.1995); *United States v. Navarro–Espinosa*, 30 F.3d 1169, 1171 (9th Cir.1994).[8]

---

6. *Strozier* addressed the sentencing court's attempt to add a term of supervised release when none had been imposed initially; not the modification of conditions of supervised release. *Strozier*, 940 F.2d at 986–87 (6th Cir.1991).

7. Federal Rule of Criminal Procedure 32.1(b) requires the court to conduct a hearing with the defendant assisted by counsel.

8. Furthermore, the sentencing court can modify conditions *regardless* of whether the defendant has violated the existing conditions. *United States v. Lowenstein*, 108 F.3d 80 (6th Cir.1997).

It is therefore well within the authority of this Court to *sua sponte* impose conditions upon the Defendant at any time within three years of his release on November 7, 1996. Even if the conditions in Probation Form 7A constituted a "variance" with the oral sentence, the Court could modify the conditions to impose not only the standard conditions, but any other conditions it considered necessary to accomplish sentencing goals with regard to this Defendant. *See infra* note 3.

The Defendant's argument to the contrary is without merit.

## VI. BREACH OF PLEA AGREEMENT

 The Defendant's final argument, raised in his reply to the government's response, is that the Government breached the terms of the plea agreement by responding to the Defendant's motion. The Defendant correctly notes that the government agreed not to take any position regarding the Defendant's sentence and then asserts that the government's response to the Defendant's motion constitutes a breach of this term of the plea agreement. This argument is frivolous and warrants little consideration whatsoever from this Court.

The plain language of the plea agreement is that the government can take no position regarding *where within the appropriate Sentencing Guideline range the Defendant should be sentenced.* It does not obligate the government to remain silent when presented with challenges regarding issues other than the length of the Defendant's imprisonment. The Defendant's present motion clearly concerns a matter exceeding this provision of the plea agreement. The government's response has been duly considered by the Court and will not be stricken. The Defendant's request for sanctions is denied.

## *CONCLUSION*

The Defendant's motion to resettle the judgment to delete the standard conditions of supervised release is denied. The Defendant is required to comply with the conditions set forth in Probation Form 7A and the Judgment and Commitment Order for the remainder of his term of supervised release. SO ORDERED.

## ATTACHMENT

PROB 7A
(Rev. 6/90)　　　　　　Conditions of Probation and Supervised Release

# UNITED STATES DISTRICT COURT

### FOR THE

### District of New York (Eastern)

Name:　　　Steven Crea　　　　　　　　　　Docket No. 93 CR 0506(SJ)
Address:　　29 Witherbee Avenue
　　　　　　Pelham Manor, NY 10803

Under the terms of your sentence, you have been placed on supervised release by the Honorable STERLING JOHNSON, JR., United States District Judge for the District of New York (Eastern). Your term of supervision is for a period of THREE (3) YEARS commencing UPON RELEASE FROM CONFINEMENT.

While on supervised release, you shall not commit another Federal, state, or local crime and shall not illegally possess a controlled substance. Revocation of probation and supervised release is mandatory for possession of a controlled substance.

**CHECK IF APPROPRIATE:**

[ ]　　As a condition of supervision, you are instructed to pay a fine in the amount of $_____; it shall be paid in the following manner _____.

[X]　　As a condition of supervision, you are instructed to pay restitution in the amount of $ 22,230, to the Internal Revenue Service. It shall be paid in the following manner: on a schedule to be determined by Probation.

[ ]　　The defendant shall not possess a firearm or destructive device. Probation must be revoked for possession of a firearm.

[X]　　The defendant shall report in person to the probation office in the district to which the defendant is released within 72 hours of release from the custody of the Bureau of Prisons.

It is the order of the Court that you shall comply with the following standard conditions:

(1)　　You shall not leave the judicial district without permission of the court or probation officer;

(2)　　You shall report to the probation officer as directed by the Court or probation officer, and shall submit a truthful and complete written report within the first five days of each month;

(3)　　You shall answer truthfully all inquiries by the probation officer and follow the instructions of the probation officer;

GOVERNMENT EXHIBIT
PERKAD-Bayonne, N. J.

(4) You shall support your dependents and meet other family responsibilities;

(5) You shall work regularly at a lawful occupation unless excused by the probation officer for schooling, training or other acceptable reasons;

(6) You shall notify the probation officer within seventy-two hours of any change of residence or employment;

(7) You shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any narcotic or other controlled substance, or any paraphernalia related to such substances, except as prescribed by a physician;

(8) You shall not frequent places where controlled substances are illegally sold, used, distributed, or administered;

(9) You shall not associate with any persons engaged in criminal activity, and shall not associate with any person convicted of a felony unless granted permission to do so by the probation officer;

(10) You shall permit a probation officer to visit at any time at home or elsewhere and shall permit confiscation of any contraband observed in plain view by the probation officer;

(11) You shall notify the probation officer within seventy-two hours of being arrested or questioned by a law enforcement officer;

(12) You shall not enter into any agreement to act as an informer or a special agent of a law enforcement agency without the permission of the Court;

(13) As directed by the probation officer, you shall notify third parties of risks that may be occasioned by your criminal record or personal history or characteristics, and shall permit the probation officer to make such notifications and to confirm your compliance with such notification requirement.

The special conditions ordered by the Court are as follows:

SENTENCED TO NINE (9) MONTHS IMPRISONMENT; TERM OF SUPERVISED RELEASE: THREE (3) YEARS. SPECIAL ASSESSMENT: $50. SPECIAL CONDITIONS: DEFENDANT SHALL PAY RESTITUTION TO IRS IN AMOUNT OF $22,230, ON SCHEDULE TO BE DETERMINED BY PROBATION.

Upon a finding of a violation of probation or supervised release, I understand that the Court may (1) revoke supervision or (2) extend the term of supervision and/or modify the conditions of supervision.

These conditions have been read to me. I fully understand the conditions, and have been provided a copy of them.

(Signed) _____ 11/26/91.
 Defendant Date

_____ 11/26/96
U.S. Probation Officer/Designated Witness Date

I will abide by all conditions pending a review
and determination by the court regarding the scope
of the Court order.