■ The People of the State of New York, Respondent, v Michael White, Appellant. [744 NYS2d 924] —Appeal from a judgment of Ontario County Court (Harvey, J.), entered August 15, 2001, convicting defendant upon his plea of guilty of, inter alia, robbery in the first degree.

It is hereby ordered that the judgment so appealed from be and the same hereby is unanimously affirmed.

Memorandum: Defendant appeals from a judgment convicting him upon his plea of guilty of robbery in the first degree (Penal Law § 160.15 [1]) and burglary in the first degree (§ 140.30 [2]). By failing to move to withdraw his plea of guilty or vacate the judgment of conviction, defendant failed to preserve for our review his contention that reversal is required because County Court failed to advise him at the time of his plea that he would be subject to postrelease supervision (*see* CPL 470.05 [2]; *People v Shumway,* 295 AD2d 916). We decline to exercise our power to review that contention as a matter of discretion in the interest of justice (*see* CPL 470.15 [6] [a]). Defendant further contends that the court erred in failing to specify a period of postrelease supervision at sentencing. Postrelease supervision is mandatory for determinate sentences and is automatically included in the sentence (*see* Penal Law § 70.45 [1]; *People v Goss,* 286 AD2d 180, 183). Where, as here, the court fails to specify a period of postrelease supervision, the period "shall be five years" (§ 70.45 [2]; *see People v Bloom,* 269 AD2d 838, 838, *lv denied* 94 NY2d 945). Contrary to defendant's further contention, raised in both the main brief and the pro se supplemental brief, the sentence is not unduly harsh or severe. Present—Green, J.P., Hayes, Wisner, Burns and Lawton, JJ.