Derrick K. STEELE, Petitioner,

v.

Gary H. FILION, Superintendent, Respondent.

No. 02–CV–6239.

United States District Court, W.D. New York.

April 20, 2005.

Derrick Steele, Coxsackie, NY, pro se.

Loretta S. Courtney, Monroe County District Attorney's Office, Rochester, NY, for Respondent.

## DECISION AND ORDER

BIANCHINI, United States Magistrate Judge.

Derrick K. Steele ("Steele") filed this *pro se* petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 challenging his conviction on four counts of first degree robbery following a guilty plea in Monroe County Court. The parties have consented to disposition of this matter by the undersigned pursuant to 28 U.S.C. § 636(b).

## FACTUAL BACKGROUND AND PROCEDURAL HISTORY

Steele and his co-defendant Omar Cruz ("Cruz") were charged with four counts of first degree robbery based upon their involvement in four armed robberies at fast food restaurants in the City of Rochester between February 1, 1999, and February 23, 1999. Steele and Cruz entered the restaurants wearing masks and armed with a .22 caliber rifle; Steele was the gunman on the first three robberies. Although the rifle was used to intimidate the employees during each robbery, it only was fired in the course of two of the robberies with no resulting injuries. After a brief chase, Steele was apprehended on February 23, 1999. The .22 caliber rifle used in the robbery was found in the backseat of his car, along with money stolen during the last robbery.

Following a suppression hearing in Monroe County Court (Connell, J.), Steele pleaded guilty to four counts of robbery in the first degree (N.Y. Penal Law § 160.15(2)) in return for a maximum determinate sentence of 20 years. The plea was conditioned upon Steel's waiver of his appellate rights.

Steele appealed his conviction to the Appellate Division, Fourth Department, which unanimously affirmed his conviction in a summary order. Leave to appeal was denied by the New York Court of Appeals. This habeas petition followed in which Steele argues (1) that his guilty plea was involuntarily made because he did not knowingly waive his appellate rights and

he was not informed of the mandatory post-release period of supervision, and (2) that his sentence is harsh and excessive. For the reasons set forth below, the petition is denied.

## DISCUSSION

### *Standard of Review*

■ Because the filing of this petition post-dates the enactment of the Anti-terrorism and Effective Death Penalty Act ("AEDPA"), that statute's deferential standard of review applies to this Court's consideration of the petition. Now, a Federal court cannot grant habeas relief in a case in which there was an adjudication on the merits in a state court proceeding unless the adjudication "resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law as determined by the Supreme Court of the United States." 28 U.S.C. § 2254(d)(1); *see also Williams v. Taylor,* 529 U.S. 362, 120 S.Ct. 1495, 146 L.Ed.2d 389 (2000).[1]

### *Merits of the Petition*

### Claim I: Plea was not knowing and voluntary

■ Steele contends that the trial court failed to conduct a proper inquiry into his understanding of the waiver of appellate rights thereby rendering his plea involun-

tarily made. The Supreme Court has remarked that is "beyond dispute" that a defendant's guilty plea must be both knowing and voluntary. *Parke v. Raley,* 506 U.S. 20, 29, 113 S.Ct. 517, 121 L.Ed.2d 391 (1992) (citing *Boykin v. Alabama,* 395 U.S. 238, 242, 89 S.Ct. 1709, 23 L.Ed.2d 274 (1969); *McCarthy v. United States,* 394 U.S. 459, 466, 89 S.Ct. 1166, 22 L.Ed.2d 418 (1969)). That is so because a guilty plea constitutes a waiver of three constitutional rights: the Sixth Amendment right to a jury trial, the Sixth Amendment right to confront one's accusers, and the Fifth Amendment privilege against self-incrimination. *Id.* (citing *Boykin,* 395 U.S. at 243, 89 S.Ct. 1709).

■ The right to appeal is not a constitutional right but rather "purely a creature of statute." *Abney v. United States,* 431 U.S. 651, 656, 97 S.Ct. 2034, 52 L.Ed.2d 651 (1977); *accord, e.g., Jones v. Barnes,* 463 U.S. 745, 751, 103 S.Ct. 3308, 77 L.Ed.2d 987 (1983); *United States v. Anglin,* 215 F.3d 1064, 1066 (9th Cir.2000). In New York, the right to appeal is created in Section 450.50(1) of the Criminal Procedure Law. *E.g., People v. Seaberg,* 74 N.Y.2d 1, 7, 543 N.Y.S.2d 968, 541 N.E.2d 1022 (1989) (citing, *inter alia,* N.Y.Crim. Proc. Law § 450.50(1)). Nonetheless, courts consistently have held that a defendant's waiver of his appellate rights also must be voluntarily and intelligently made.

---

1. The Appellate Division tersely rejected Steele's claims on direct appeal in one word—"denied." *See People v. Steele.* The Second Circuit has held that a one-word denial of a petitioner's claim constitutes an "adjudication on the merits" for purposes of AEDPA. *See Sellan v. Kuhlman,* 261 F.3d 303, 312–13 (2d Cir.2001). Where, as here, the state court fails to articulate a coherent rationale for its rejection of a petitioner's claim, but that rejection nevertheless is clearly on the merits, the federal court must " 'focus its review on whether the state court's ultimate decision was an "unreasonable application" of clearly established Supreme Court precedent.' "

*Aparicio v. Artuz,* 269 F.3d 78, 94 (2d Cir. 2001) (quoting *Sellan,* 261 F.3d at 311–12) (in turn quoting *Bell v. Jarvis,* 236 F.3d 149 (4th Cir.2000), *cert. denied sub nom., Bell v. Beck,* 534 U.S. 830, 122 S.Ct. 74, 151 L.Ed.2d 39 (2001)). Thus far, the Supreme Court has offered little guidance as to the meaning of the term "unreasonable application"; its instruction to the federal courts to ask whether the state court's application of federal law was objectively unreasonable, *Williams v. Taylor,* 529 U.S. at 409, 120 S.Ct. 1495, is, as the Second Circuit has observed, somewhat tautological, *see Aparicio,* 269 F.3d at 94.

*See Magee v. Romano* 799 F.Supp. 296, 299 (E.D.N.Y.1992) (citations omitted); *United States v. Hernandez,* 242 F.3d 110, 113 (2d Cir.2001) ("It is by now well established that a knowing and voluntary waiver of the right to appeal is generally enforceable.") (citations omitted).

▇ Neither the Federal nor the State appellate courts have prescribed a formula that judges must follow when taking a guilty plea from a criminal defendant. *See, e.g., People v. Moissett,* 76 N.Y.2d 909, 910–11, 563 N.Y.S.2d 43, 564 N.E.2d 653 (1990) ("We have consistently held that trial courts are not required to engage in any particular litany during an allocution in order to obtain a valid guilty plea in which defendant waives a plethora of rights.") (citations omitted). However, due process requires that the record of the plea proceedings show a voluntarily and intelligently made decision by the accused to plead guilty. *See North Carolina v. Alford,* 400 U.S. 25, 31, 91 S.Ct. 160, 27 L.Ed.2d 162 (1970) ("The standard was and remains whether the plea represents a voluntary and intelligent choice among the alternative courses of action open to the defendant.'"); *accord, e.g., Parke v. Raley,* 506 U.S. at 29, 113 S.Ct. 517.

▇ Prior to the indictment, the prosecution had offered a sentence promise of 10 years (four 10–year terms to be served concurrently) in return for a guilty plea; Steele rejected that offer. Following the conclusion of the suppression hearing, the prosecution offered Steele another opportunity to plead guilty; the second time, however, the sentence promise was a determinate term capped at 20 years (four determinate terms of incarceration of five years each on the four counts of the indictment). When he next appeared in court, Steele expressed a desire to have "another chance with that ten cop-out," stating that

he "wasn't in the right state of mind when [he] turned it down." S.3–4.[2]

The judge informed Steele that the prior offer was not on the table any longer and that if he was not ready to enter a plea, the matter would be set down for trial. The court informed him candidly that to expect a future plea offer "would be unrealistic." S.4. Steele then asked, "So what you are trying to say, the cop-out is 20 on it?" *Id.* The court explained that he would cap the sentence at 20 years and told Steele, "It would also involve waiving your right to appeal." S.5. At that point, defense counsel asked for the matter to be recalled later during the court's calender in order to confer with his client.

When the parties returned, defense counsel indicated that he "did discuss further the situation with Mr. Steele," and that it was his understanding that Steele wished to accept the offer. When the court asked him if this was correct, Steele answered affirmatively. S.5. The court proceeded to explain that by pleading guilty Steele was giving up his right to a trial and to have his guilt proven beyond a reasonable doubt, his right to an attorney, his right to confront any witnesses against him, his right to remain silent at trial, and his right to call witnesses in his own behalf. S.6. Steele indicated that he understood. *Id.* Steele also confirmed that he discussed his case and the plea bargain with his attorney, and that no one threatened him or forced him to plead guilty. S.6–7. Although the record does not reveal an explicit statement by defendant, "I waive my right to appeal," there is sufficient evidence in the record, in the form of the exchange between the trial judge and Steele when the judge stated, "It would also involve waiving your right to appeal," to support the determination that Steele understood that he was waiving that right as part of the plea bargain.

---

**2.** Citations to "S.__" refer to the July 9, 1999     sentencing transcript.

With respect to Steele's claim that his plea was involuntary because the court failed to inform him that a period of post-release supervision was going to accompany the sentences imposed, I agree that the better practice would have been for the court to have advised Steele of this fact. However, Steele has not shown that knowledge of the post-release component of the sentence would have affected his decision to plead guilty. *See People v. Demeritte,* 4 Misc.3d 1017, 798 N.Y.S.2d 347, 2004 WL 1886021, at *3, slip op. 50926(U) (N.Y.Sup.Ct. Apr. 22, 2004) (defendant's plea was a voluntary and knowing choice notwithstanding court's failure to advise him of post-release supervision) (citing, *inter alia, People v. White,* 296 A.D.2d 867, 867, 744 N.Y.S.2d 924 (4th Dept.), *lv. denied* 99 N.Y.2d 540, 752 N.Y.S.2d 601, 782 N.E.2d 579 (2002) ("Post[-]release supervision is mandatory for determinate sentences and is automatically included in the sentence.") (in turn citing N.Y. Penal Law § 70.45(1)); *United States v. Truscello,* 168 F.3d 61, 63 (2d Cir.1999)). Furthermore, because Steele's total term of incarceration plus the period of supervised release is less than the maximum sentence that could have been imposed, Steele has demonstrated no prejudice as a result of the trial court's failure to advise him of the mandatory post-release component of his sentence. *See United States v. Crea,* 968 F.Supp. 826, 830–31 (E.D.N.Y.1997) ("Even a court's total failure to notify a defendant of a term of supervised release, state its length or explain its effect may constitute harmless error, if error at all. If the total term of imprisonment and supervised release is less than the potential statutory maximum for the offense, then there is no prejudice to the defendant's substantive rights.") (citing *McCleese v. United States,* 75 F.3d 1174 (7th Cir.1996); *United States v. Raineri,* 42 F.3d 36 (1st Cir.1994), *cert. denied,* 515 U.S. 1126, 115 S.Ct. 2286, 132 L.Ed.2d 288 (1995); *United States v. Good,* 25 F.3d 218 (4th Cir.1994); *United States v. Gracia,* 983 F.2d 625 (5th Cir.1993); *United States v. Barry,* 895 F.2d 702 (10th Cir.), *cert. denied,* 496 U.S. 939, 110 S.Ct. 3222, 110 L.Ed.2d 669 (1990); *Miller v. United States,* 826 F.Supp. 636 (N.D.N.Y.1993)).

On the record before me, I find that Steele agreed to plead guilty to the crimes for which he was sentenced, and that he did so knowingly, voluntarily, and with understanding of the consequences. In rejecting Steele's claim that his guilty plea was involuntarily made, the Appellate Division did not unreasonably apply clearly established Federal law.

## II. Harsh and excessive sentence

Steele argues that the imposition of consecutive terms of incarceration was unduly harsh. At sentencing, defense counsel urged the court to sentence Steele to concurrent sentences of 10 years on all four counts of the indictment, noting Steele had only one previous contact with the criminal justice system and that he had accepted responsibility for his crimes. Steele expressed remorse and stated that he was "[j]ust asking for another chance." S.9.

A petitioner's assertion that a sentencing judge abused his discretion in sentencing is generally not a federal claim subject to review by a habeas court. *See Fielding v. LeFevre,* 548 F.2d 1102, 1109 (2d Cir.1977) (petitioner raised no cognizable federal claim by seeking to prove that state judge abused his sentencing discretion by disregarding psychiatric reports) (citing *Townsend v. Burke,* 334 U.S. 736, 741, 68 S.Ct. 1252, 92 L.Ed. 1690 (1948) ("The [petitioner's] sentence being within the limits set by the statute, its severity would not be grounds for relief here even on direct review of the conviction, much less on review of the state court's denial of habeas corpus.")). A challenge to the term

of a sentence does not present a cognizable constitutional issue if the sentence falls within the statutory range. *White v. Keane,* 969 F.2d 1381, 1383 (2d Cir.1992); *accord Ross v. Gavin,* 101 F.3d 687 (2d Cir.1996) (unpublished opinion).

Steele pleaded guilty to four counts of robbery in the first degree pursuant to N.Y. Penal Law § 160.15 which is defined as a class B violent felony offense. *See* N.Y. Penal Law § 70.02(1)(a). Section 70.02(2)(a) provides that the sentence imposed upon a person convicted of a class B violent felony offense must be a determinate sentence of at least 5 years and must not exceed 25 years. *See* N.Y. Penal Law § 70.02(2). The sentence of 5 years imposed for each robbery count thus was at the low end of the statutory range. It is true that Steele only had one misdemeanor conviction in his past and that there were several positive factors in his pre-sentencing profile. However, the Penal Law leaves it to the judge's discretion to impose consecutive sentences where, as here, each robbery was a separate and distinct criminal transaction. *See* N.Y. Penal Law § 70.25(1) & (2). Because Steele's sentence was not outside of the applicable statutory range, his sentencing challenge does not present a constitutional claim upon which habeas relief can be granted.

## CONCLUSION

For the reasons stated above, Derrick K. Steele's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 is denied, and the petition is dismissed. Because Steele has failed to make a substantial showing of a denial of a constitutional right, I decline to issue a certificate of appealability. *See* 28 U.S.C. § 2253.

**IT IS SO ORDERED**