# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 07-1855

_____

United States of America,                    *
                                             *
            Plaintiff - Appellee,            *
                                             *    Appeal from the United States
      v.                                     *    District Court for the Northern
                                             *    District of Iowa.
David Cashius Rhone,                         *
                                             *
            Defendant - Appellant.           *

_____

Submitted: January 16, 2008
Filed: July 28, 2008

_____

Before BYE, BEAM and GRUENDER, Circuit Judges.

_____

BYE, Circuit Judge.

      David Cashius Rhone pleaded guilty to one count of unlawful transfer of an unregistered sawed-off rifle and one count of unlawful possession of a firearm by an unlawful user of controlled substances and the district court sentenced him to 37 months' imprisonment followed by a three-year term of supervised release. As a special condition of his supervised release, the district court ordered Rhone register as a sex offender under the Sex Offender Registration and Notification Act ("SORNA"), Pub. L. No. 109-248, §§ 101-155, 120 Stat. 587, 590-611 (2006) (codified as 42 U.S.C. §§ 16901-16962) based on a prior juvenile delinquency adjudication for assault with intent to commit sexual abuse. Rhone appeals this special condition. We reverse and remand.

# I

A sentencing court is required to condition a defendant's release on his compliance with sex offender registry laws if the court determines those laws apply to the defendant.  See 18 U.S.C. § 3583(d).  Specifically, 18 U.S.C. § 3583(d) provides, in relevant part:

> The court shall order, as an explicit condition of supervised release for a person required to register under the Sex Offender Registration and Notification Act, that the person comply with the requirements of that Act.

In the case of a juvenile adjudicated delinquent, SORNA applies "if the offender is 14 years of age or older at the time of the offense and the offense adjudicated was comparable to or more severe than aggravated sexual abuse (as described in section 2241 of Title 18), or was an attempt or conspiracy to commit such an offense."  18 U.S.C. § 16911(8).  18 U.S.C. § 2241 defines aggravated sexual abuse, in relevant part, as follows:

> (a) By force or threat.--Whoever, in the special maritime and territorial jurisdiction of the United States or in a Federal prison, or in any prison, institution, or facility in which persons are held in custody by direction of or pursuant to a contract or agreement with the head of any Federal department or agency, knowingly causes another person to engage in a sexual act--
>
> > (1) by using force against that other person; or
> >
> > (2) by threatening or placing that other person in fear that any person will be subjected to death, serious bodily injury, or kidnapping;
> >
> > or attempts to do so, shall be fined under this title, imprisoned for any term of years or life, or both.

18 U.S.C. § 2241(a)-(b).

Thus, before the district court could require Rhone to register under SORNA, as a condition of supervised release, it had to first determine whether Rhone's 2002 juvenile delinquency adjudication was comparable to or more severe than aggravated sexual abuse or was an attempt or conspiracy to commit such an offense. See United States v. Camp, 410 F.3d 1042, 1045 (8th Cir. 2005) (explaining "conditions of release that were imposed without any evidence of their need" will be rejected); United States v. Crea, 968 F. Supp. 826, 832 (E.D.N.Y. 1997) ("Special conditions can only be imposed if the court gives the reasons for the conditions on the record at sentencing . . . ."). The district court did not make this determination.

The written criminal judgment affirmatively states Rhone must register as a sex offender. Special Condition 5 provides:

> The defendant must remain in compliance with all sex offender registration and public notification requirements in accordance with the Adam Walsh Child Protection and Safety Act of 2006. The defendant must meet with an appropriate official from either the Bureau of Prisons or the U.S. Probation Office who must explain to the defendant all of the defendant's registration requirements. The defendant must read and sign the Offender Notice and Acknowledgment of Duty to Register as a Sex Offender form.

However, nothing in the court's oral pronouncement indicates the basis for this requirement. Indeed, at Rhone's sentencing hearing, the court seemed unsure of Rhone's status as a sex offender:

> **COURT:** Fifth, you shall remain in compliance with all sex offender registration and public notification requirements in accordance with the Adam Walsh Child Protection and Safety Act of 2006. You will meet with the appropriate official from either the Bureau of Prisons or the United States Probation Office who will explain to you registration requirements, and then you'll read and sign the Sex Offender form. If

-3-

you fail to comply with any requirements of the sex offender registry, that may be grounds to revoke your federal term of supervised release.

I don't know if he was on the sex offender registry requirement.

**PROBATION OFFICER:** No. The Court found in the prior conviction that he wasn't subject to the registry.

**COURT:** Okay. So we don't really need that in here, do we?

**PROBATION OFFICER:** There may be some provisions of the Adam Walsh Act that may change that and require him to now register. I'm not sure.

**COURT:** All right. If the Adam Walsh Child Protection and Safety Act of 2006 applies, then you'll have to register. If it does not, then you won't have to, so the prison officials and Probation will help you sort that out.

Sent. Tr. 16-17.

On this record we cannot determine the basis for imposing on Rhone a special condition requiring he register and remain in compliance with the sex offender registration laws. See United States v. Tramp, 30 F.3d 1035, 1037-38 (8th Cir. 1994) ("It is the obligation of the sentencing court to express a sentence in clear terms, so as to 'reveal with fair certainty' its intent and 'exclude any serious misapprehensions by those who must execute them.'") (quoting United States v. Moss, 614 F.2d 171, 175 (8th Cir. 1980)).

III

Accordingly, we vacate the district court's judgment requiring, as a special condition of supervised release, Rhone remain in compliance with all sex offender registration and public notification requirements in accordance with the Adam Walsh Act. Before the district court may impose such a condition it must make an

-4-

independent determination whether, under the Adam Walsh Act, Rhone should be classified as a sex offender based on his prior juvenile convictions for assault with intent to commit sexual abuse. It may not improperly delegate this legal determination to the probation office or the Bureau of Prisons. <u>See</u> 18 U.S.C. § 3583(d) ("The *court shall* order, as an explicit condition of supervised release for a person required to register under the Sex Offender Registration and Notification Act, that the person comply with the requirements of that Act.") (emphasis added). <u>See also</u> <u>United States v. Kent</u>, 209 F.3d 1073, 1079 (8th Cir. 2000); <u>United States v. Peterson</u>, 248 F.3d 79, 85 (2d Cir. 2001).

_____