# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 09-2623

_____

| | | |
|---|---|---|
| United States of America, | * | |
| | * | |
| Appellee, | * | Appeal from the United States |
| | * | District Court for the |
| v. | * | Southern District of Iowa. |
| | * | |
| Chad Michael Lee Welsh, | * | **[TO BE PUBLISHED]** |
| | * | |
| Appellant. | * | |

_____

Submitted: June 1, 2010
Filed: June 11, 2010

_____

Before LOKEN, BYE, and SHEPHERD, Circuit Judges.

_____

PER CURIAM.

Chad Welsh pleaded guilty to receiving and distributing child pornography, in violation of 18 U.S.C. § 2252(a)(2); and possessing child pornography, in violation of 18 U.S.C. § 2252(a)(4)(B). Granting Welsh a downward variance from the advisory Guidelines imprisonment range of 151-188 months, the district court[1] sentenced him to concurrent terms of 100 months in prison and 10 years of supervised release that included a number of special conditions. Welsh timely appeals. His counsel has moved to withdraw and filed a brief pursuant to Anders v. California, 386

_____

[1]The HONORABLE JOHN A. JARVEY, United States District Judge for the Southern District of Iowa.

U.S. 738 (1967), raising two issues, the reasonableness of Welsh's sentence and the constitutionality of a supervised-release condition imposing a lifetime requirement to register as a sex offender.

First, after careful review of the record, we conclude that the district court committed no procedural sentencing error, made an individualized assessment of facts relevant to sentencing, considered the 18 U.S.C. § 3553(a) sentencing factors, and did not impose an unreasonable sentence. See United States v. Stults, 575 F.3d 834, 849 (8th Cir. 2009).

Second, counsel advises that he raised the lifetime registry issue at Welsh's request but believes that Welsh does not understand that the court only required, in both an express and a special condition of supervised release, that he "register with the state sex offender registration agency" in the State where he resides or works, and "comply with all sex offender laws" in that State. Counsel is correct. These conditions of supervised release are limited to the ten-year period of supervised release. Whether Welsh will be subject to sex-offender registration requirements after that term will depend upon applicable state and federal statutes, not this judgment. If Welsh is also contending that the district court abused its discretion in imposing these registration conditions, the contention is without merit because Congress has mandated their inclusion for those convicted of sex offenses. See 18 U.S.C. § 3583(d); 42 U.S.C. §§ 16911(1), 16913(a); United States v. Rhone, 535 F.3d 812, 813 (8th Cir. 2008).

Having reviewed the record independently under Penson v. Ohio, 488 U.S. 75, 80 (1988), we have found no nonfrivolous issues. Accordingly, we affirm, and we grant counsel's motion to withdraw.

_____