**NOT RECOMMENDED FOR FULL-TEXT PUBLICATION**
File Name: 06a0932n.06
Filed: December 26, 2006

**No. 05-2647**

**UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff-Appellee, | ) | |
| | ) | |
| v. | ) | ON APPEAL FROM THE UNITED |
| | ) | STATES DISTRICT COURT FOR THE |
| JASON ERIC SWANSON, | ) | EASTERN DISTRICT OF MICHIGAN |
| | ) | |
| Defendant-Appellant. | ) | |

Before: KENNEDY, COLE, and COOK, Circuit Judges.

COOK, Circuit Judge. Defendant-Appellant Jason Swanson challenges a sentencing condition of supervised release that will require him to submit to DNA collection by federal authorities. We reject this challenge.[1]

Following his conviction of being a felon in possession of a firearm, pursuant to 18 U.S.C. § 922(g), and an unsuccessful direct appeal, Swanson filed for relief under 28 U.S.C. § 2255, alleging various constitutional errors and an improper calculation of his sentence under the

---

[1] At oral argument, defense counsel apprised the court that Swanson filed additional appellate pleadings raising other claims, and the clerk's office assigned them different case numbers before dismissing them as duplicative. We do not consider those claims, but limit our decision to the arguments presented in case number 05-2647, which we construe to include the variance claim addressed *infra*.

Guidelines. The district court granted resentencing based on the sentence miscalculation, but denied all other relief. At the resentencing hearing, the district court imposed a lesser prison term and then had the following discussion:

> [THE COURT:] The fine remains the same and the term of supervised release remains the same. I see no need for changing any of the other special conditions of supervised release.
>
> Is a representative of probation present?
>
> [PROBATION OFFICER] MAIDMENT: Yes, Your Honor.
>
> THE COURT: Is there any need for the Court to revise any aspect of the prior sentence, other than the term of imprisonment?
>
> MS. MAIDMENT: No, Your Honor.
>
> THE COURT: Any further questions by either Counsel?
>
> [DEFENSE COUNSEL]: No, sir.
>
> [ASSISTANT U.S. ATTORNEY] GILMER-HILL: No, Your Honor.

After the hearing, the court journalized the results of the resentencing hearing in an Amended Judgment that included the following language: "If the defendant is convicted of a felony offense, DNA collection is required by Public Law 108-405."

In this appeal, Swanson asserts that there is a discrepancy between the oral sentence pronounced at the resentencing hearing (which made no explicit mention of DNA collection) and the sentence embodied in the written Amended Judgment. That is, he invokes the principle that "when an oral sentence conflicts with the written sentence, the oral sentence controls." *United States v. Schultz*, 855 F.2d 1217, 1225 (6th Cir. 1988) (citing *Hill v. United States ex rel. Wampler*, 298

U.S. 460 (1936)). Although this court generally will not consider arguments raised for the first time in a reply brief, *see Osborne v. Hartford Life and Accident Insurance Co.*, 465 F.3d 296, 301 (6th Cir. 2006), we exercise our discretion to consider Swanson's variance argument because it involves a purely legal issue stemming from uncontested facts adequately recited in the record, *see id.*; *Logan v. Denny's, Inc.*, 259 F.3d 558, 570 n.6 (6th Cir. 2001), and because it is the only argument adequately briefed. After considering the argument, we discern no variance.

The language Swanson complains of in the Amended Judgment can be traced to 18 U.S.C. § 3583(d), which requires individuals on supervised release to submit to DNA collection by federal authorities as a standard[2] condition of supervised release when collection is authorized by the DNA Analysis Backlog Elimination Act of 2000, 42 U.S.C. § 14135a(a)(2). Swanson can prevail on his variance argument only if the sentence pronounced orally at his resentencing hearing did not include this standard condition. But we hold that unless the district court specifically says otherwise, the standard conditions of supervised release are deemed included in the oral sentence. This comports with 18 U.S.C. § 3583(f), which requires the court to "direct that the probation officer provide the defendant with a written statement that sets forth all the conditions to which the term of supervised release is subject . . . ." The probation officer, not the court, is primarily responsible for apprising the defendant of the standard conditions of supervised release. In other words, Section 3583(f) "presumes that the sentencing court will *not* read at sentencing each of the standard conditions

---

[2]The Amended Judgment refers to the conditions of supervised release as either "standard" or "special," while 18 U.S.C. § 3583(d) refers to them as "explicit" or "discretionary."

imposed on a defendant, and will leave the administration of supervision to a duly authorized probation officer." *United States v. Crea*, 968 F. Supp. 826, 830 (E.D.N.Y. 1997).[3]  At the resentencing hearing in this case, the district court never even mentioned the standard conditions of supervised release and certainly never stated that Swanson would not be subject to one of them; therefore, the standard condition related to DNA collection is deemed included in his sentence.

For the foregoing reasons, we reject Swanson's challenge.

---

[3]We need not decide whether the court must recite the special conditions of supervised release at the defendant's sentencing hearing.  *Compare Crea*, 968 F. Supp. at 832 ("Special conditions can only be imposed if the court gives the reasons for the conditions on the record at sentencing . . . ."), *with* 18 U.S.C. § 3583(f) ("The court shall direct that the probation officer provide the defendant with a written statement that sets forth *all* the conditions to which the term of supervised release is subject . . . ." (emphasis added)).