NOT RECOMMENDED FOR FULL-TEXT PUBLICATION
File Name: 16a0562n.06

Case No. 15-6202

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

FILED
Oct 04, 2016
DEBORAH S. HUNT, Clerk

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | ON APPEAL FROM THE UNITED |
| Plaintiff-Appellee, | ) | STATES DISTRICT COURT FOR |
| | ) | THE WESTERN DISTRICT OF |
| v. | ) | TENNESSEE |
| | ) | |
| ERIC HALL, | ) | |
| | ) | |
| Defendant-Appellant. | ) | MEMORANDUM OPINION |
| | ) | |
| | ) | |

Before: BOGGS, SUHRHEINRICH, and McKEAGUE, Circuit Judges

PER CURIAM. Defendant Eric Hall pled guilty to being a felon in possession of a firearm in violation of 18 U.S.C. § 922(g) and was sentenced to 180 months (15 years) in prison. Hall's sentence was driven in part by his classification as an armed career criminal under the Armed Career Criminal Act (ACCA), which provides for a 15-year mandatory minimum sentence for any person convicted under § 922(g) who has three prior convictions for a "violent felony." *See* 18 U.S.C. § 924(e). Hall has four convictions that the district court deemed qualifying violent felonies under the ACCA: one for burglary, TENN. CODE ANN. § 39-14-402, one for robbery, TENN. CODE ANN. § 39-13-401, and two for aggravated burglary, TENN. CODE ANN. § 39-14-403.

Hall objected below to the use of his burglary and robbery convictions as ACCA predicate offenses and on appeal also challenges the inclusion of his convictions for aggravated burglary. Because this circuit has deemed robbery in Tennessee to be a violent felony, *see United States v. Taylor*, 800 F.3d 701, 719 (6th Cir. 2015), whether Hall's ACCA sentence enhancement was warranted turns on whether his convictions for aggravated burglary were appropriately classified. The Supreme Court recently clarified the analysis that courts are to employ when determining whether a state crime qualifies as a violent felony under the ACCA, *see Mathis v. United States*, 136 S. Ct. 2243 (2016), and both parties acknowledge that Hall's case should be remanded to the district court for reconsideration in light of this intervening precedent.

We agree. However, upon remand, we instruct the district court to hold Hall's case in abeyance pending the outcome of *United States v. Stitt*, No. 14-6158, which is currently before this circuit en banc. The issue in *Stitt*—whether circuit precedent correctly classifies Tennessee aggravated burglary as a generic violent felony for ACCA purposes—will directly influence the outcome of this case. Once *Stitt* has been decided, we leave to the district court to determine in the first instance whether Hall was properly classified as an armed career criminal and accordingly whether his ACCA sentencing enhancement was warranted.

Additionally, in issuing Hall's written judgment, the district court imposed a condition of supervised release that was not imposed orally at sentencing, which, as the government concedes, constituted an abuse of discretion. *See United States v. Carpenter*, 702 F.3d 882, 884 (6th Cir. 2012); *United States v. Swanson*, 209 F. App'x 522, 524 (6th Cir. 2006) (citing *United States v. Schultz*, 855 F.2d 1217, 1225 (6th Cir. 1988)). Thus, Hall's judgment must be vacated

and, upon remand, the district court must ensure that Hall's final written judgment conforms to the one pronounced at sentencing.

Accordingly, we **VACATE** Hall's sentence and **REMAND** his case to the district court where it is to be held in abeyance pending the outcome of *United States v. Stitt*.